HEARTT *v.* KRUGER.

*(Superior Court of New York City, General Term.   January 17, 1889.)*

1. PARTY-WALLS—HOW CREATED.
    Where the owner of two adjoining lots on which are two buildings, with a common wall between them, mortgages one of the lots, and describes the division line as running "partly through the center of a party-wall," on foreclosure and sale of the mortgaged lot the common wall becomes a party-wall.

**2. SAME—DURATION OF EASEMENT.**
   In such case, the implied easement is restricted to the buildings existing when the easement is created, and terminates when such buildings are destroyed. If one of the adjoining owners rebuilds the wall, the other may recover his portion of the land on which it stands.

Motion for judgment on verdict subject to the opinion of the court.

Ejectment by Margaret Heartt against Adolph Kruger. The court directed a verdict for plaintiff, subject to the opinion of the court at general term, and plaintiff moves for judgment.

Argued before FREEDMAN and INGRAHAM, JJ.

*James J. Thomson,* for plaintiff.    *John Hardy,* for defendant.

INGRAHAM, J.    This is an action of ejectment to recover possession of a strip of land covered by a portion of the wall erected by the defendant. In 1874 one Burchell was the owner of both plaintiff's and defendant's lots. He erected a building on each lot, with a party-wall between them 12 inches in width. Subsequently he sold both buildings to one Falk, and took back a mortgage on the house and lot now owned by defendant to secure the sum of $7,000, which mortgage describes the westerly boundary of the premises as "running southerly and parallel with Tenth avenue, and partly through the center of a party-wall fifty feet and five inches to the northerly side of 54th street." The defendant claimed title to the property through a referee's deed on the foreclosure of this mortgage. The buildings on both lots were destroyed by fire on the 27th or 28th of May, 1887. The party-wall was destroyed, except that the foundation up to the level of the curb, and about two feet of the wall on this foundation, were left standing. The other walls of both buildings were all destroyed, down to the foundation walls.

This conveyance of one of the houses by the owner of both had the effect of making this wall between the two buildings a party-wall. See *Brooks* v. *Curtis,* 50 N. Y. 642, where it was held that, where the center line of the wall between two houses is by the deed of one made the boundary line of the lot conveyed, the wall becomes a party-wall; and that, although the land covered by the party-wall remains the several property of the owners of each half, yet the title of each owner is qualified by the easement to which the other is entitled.

The controlling question in this case is the extent and duration of this easement. The precise question presented does not appear to have been determined in this state, but a review of the cases in which the easement granted by such a conveyance has been considered will be useful in determining the question here presented. The first case which it is important to notice is the case of *Campbell* v. *Mesier,* 4 Johns. Ch. 334. It does not appear in the report of that case whether the easement there considered had been created by express grant or by implication, or whether the wall and the land on which it was built were owned by the parties as tenants in common or in severalty, subject to an easement. Chancellor KENT held that, where one of the buildings had become old and ruinous, the party-wall in a state of ruin and decay, and dangerous and utterly incapable of being repaired, and that it was impossible for the owner to rebuild on his lot without taking down the whole party-wall to its foundation, that the owner had the right to rebuild the party-wall, and that the owner of the other house was liable to contribute to the expense of rebuilding the party-wall, and that the court of chancery would enforce this contribution. *Campbell* v. *Mesier, supra.* The next case to which attention is called is *Sherred* v. *Cisco,* 4 Sandf. 485. In that case the plaintiff and defendant owned adjoining buildings supported by a party-wall resting on a stone foundation, one-half of which was on the land of the plaintiff and the other on the land of the defendant. Both of the buildings were destroyed by fire, and nothing left of the party-wall except the stone foundation. Immediately after the fire plaintiff proceeded to rebuild on his lot. The wall on the side of the de-

fendant's lot was built on the foundations of the former wall. Subsequently defendant built on his lot, using the wall built by the plaintiff as one of the walls of his building. Plaintiff brought that action to compel defendant to contribute towards the expense of the new wall, and it was held that plaintiff could not recover. SANDFORD, J., in delivering the opinion of the court, says: "The parties being confessedly restrained from destroying the wall without mutual consent, how is it when the wall has been destroyed by the elements? The lands on each side are vacant. The agreement upon which the party-wall was built related to that wall only. There was no agreement to build a second wall, or to build houses a second time, in the event that the original wall, and the houses which it supported, should be destroyed. Neither party, perhaps, thought of such an event. If they had, it by no means follows they would at that time have stipulated for a second joint wall. * * * But without pursuing the views which parties may well be supposed to entertain on their attention being called to a total destruction of the building they are about to erect on a party-wall, it suffices to say that, when two owners of adjoining city lots unite in building two stores, with a party-wall, we have no right to infer from that act an agreement binding upon them, and their heirs and assigns, to the end of time, to erect another like party-wall at their mutual expense when that one is casually destroyed, and so on, as often as the new one shares the same fate."

The next case is *Partridge* v. *Gilbert*, 15 N. Y. 601. The tenant of the building sued to recover damages for taking down a party-wall, and exposing one side of the building. A new wall was built in exactly the same place that was occupied by the old wall. The jury found that the condition of the old party-wall was so dangerous that a just regard to the safety to life and property rendered the removal necessary. The action was not for rebuilding the new wall, but for damages sustained by the tenant in taking down the old wall, and injuring the plaintiff's goods in the building. The court held that on the finding of the jury the defendant was entitled to judgment. SHANKLAND, J., says that the case of *Campbell* v. *Mesier*, 4 Johns. Ch. 334, went further than this case requires; that that case assumed the taking down of the old wall to have been justified, which is as far as it was necessary to go in this case, and then intimated a concurrence in the views of Chancellor KENT. DENIO, C. J., also delivered an opinion, in which he said: "What, then, is the law in such a case? Must the party who is ready to rebuild await the actual falling down of his store, if the adjoining owner is unwilling, or from having parted with the possession of his property for a term is unable to join in rebuilding the wall? This position would be highly unreasonable, and it is not sustained by any authority;" and in commenting on the opinion of Chancellor KENT in *Campbell* v. *Mesier* and the case of *Sherred* v. *Cisco* says: "I do not perceive any solid distinction between a total destruction of the wall and buildings and a state of things which should require the whole to be rebuilt from the foundation. In either case there is great force in saying that the mutual easements have become inapplicable, and that each proprietor may build as he pleases upon his own land, without any obligation to accommodate the other. Circumstances may have materially changed since the adjoining proprietors were content with such walls as would have supported two adjoining dwellings. If the right of mutual support continues, by means of the original arrangement, or by prescription, it is for just such an easement as was originally conceded, or which has been established by long enjoyment. But, in the changing condition of our cities and villages, it must often happen, as it did actually happen in this case, that edifices of different dimensions, and an entirely different character, would be required; and it might happen, too, that the views of one of the proprietors, as to the value and extent of the new buildings, would essentially differ from those of the other; and the division wall which would suit one of them would be inappli-

cable to the objects of the other. If it were necessary to determine this point in this case, I should be strongly inclined to adopt the views of the late Judge SANDFORD in delivering the opinion of the superior court in the case just cited." The report then says all the judges concurring the judgment was affirmed. It will be seen that the question of the right to rebuild the party-wall after it has been destroyed was not determined, but was considered open. *Brooks* v. *Curtis*, 50 N. Y. 642, was an action to compel defendant to remove the addition to a party-wall which he had carried up two stories, and RAPALLO, J., in delivering the opinion of the court, says: "We think that the right of either of the adjacent owners to increase the height of a party-wall, when it can be done without injury to the adjoining building, and the wall is clearly of sufficient strength to safely bear the addition, is necessarily included in the easement." In *Schile* v. *Brokhahus*, 80 N. Y. 614, the recovery was sustained, on the ground that the jury found that the defendant had torn down the wall, claiming that it was wholly on his own land, and CHURCH, C. J., says: "But the questions presented do not require a determination of the precise right of the defendant to interfere with the wall in question.

From this examination of the cases, it will appear that the question of the right of the owners of a party-wall to rebuild after both of the buildings have been destroyed has never been determined in this state. The facts in the case of *Sherred* v. *Cisco, supra,* are very like the case at bar, as the two feet of the old wall remaining on top of the foundation is not material. The two buildings were destroyed. There was nothing in existence that required the support of the party-wall, and the decision in that case is authority for the position that the easement implied by the grant was limited to the period that the buildings upon the property at the time the grant was made, and which required the support of the party-wall, existed, and that the destruction of the buildings and the wall would terminate the right of either party to an easement in the land of the other. The easement is implied, because by the grant of adjoining buildings to different persons it was necessary for the proper and beneficial use of each building that the wall between them should continue. It is therefore presumed to be the intention of the parties that the wall should be a party-wall. See *Brooks* v. *Curtis, supra,* where the existence of such easement is based on the presumed intentions of the parties.

Can it, however, be said that because the parties intended that the buildings on the property at the time the grant or conveyance was made should have the support of the division wall between the houses it was also intended to grant a perpetual easement for a common or party-wall, so that, after the building on the property was destroyed, the strip of land on which the party-wall had been built should be subject to an easement for the support of a wall for other or different buildings, entirely disconnected with the buildings to supply which the easement was granted. It would appear that this was extending an implied grant much further than it is extended in other cases. Thus, when a right of way by necessity is granted, such a right is only commensurate with the existence of the necessity upon which the implied grant is founded, and when such necessity ceases the right of way also terminates. *Insurance Co.* v. *Milnor*, 1 Barb. Ch. 362. This case is a good illustration of the injustice that would follow from the continuance of such an easement after the buildings had been destroyed. The buildings that had existed upon the property prior to the fire were five-story tenement-houses. The law now in force requires for a five-story building, where the wall shall be more than 50 feet in height, that the party-wall should be 16 inches thick. The defendant has seen fit to rebuild the party-wall 12 inches thick, and to build a two-story building. The plaintiff is thus compelled, in order to use the party-wall, to build a house on his property less than 50 feet high, or to surrender to the defendant 6 inches of his land. It is clear that it was never intended by the parties, when the party-wall was established, that the rights thus

granted should produce that result. The requirements of a large and constantly changing city are such that restrictions in the use of property should be limited, rather than extended, by implication, and full effect can be given to the implied covenant creating the easement by restricting it to the building on the property at the time the easement was created. I am of opinion, therefore, that plaintiff is entitled to judgment on the verdict, with costs. All concur.