# FRANCENA B. PARTRIDGE, Respondent, v. DORÉ LYON, Appellant.

*Party-wall — one owner cannot remove and rebuild the wall unless it is unsafe.*

Francena B. Partridge and Doré Lyon owned adjoining buildings, between which there was a party-wall ninety-nine feet in length and sixty-five feet in height, which Partridge used to a depth of forty-five feet, while Lyon used the whole wall. Lyon, desiring to erect a new building, and deeming the party-wall, under the building laws of New York city, insufficient for such a building, was proceeding to take down the entire wall when he was restrained by an injunction, in an action brought by Partridge, which forbade Lyon to interfere with the wall, " except to repair, strengthen or protect it."

Upon an appeal by Lyon from this injunction order:

*Held*, that the order was properly granted.

That where a party-wall had become ruinous one owner might repair it, although to do so might require that it be entirely rebuilt.

That, unless thus dilapidated, no right existed in one owner to remove a party wall which was sufficient for the uses of the adjoining owner.

That the defendant should not be permitted to tear down that portion of the wall not used by the plaintiff, because it was not shown that such removal and the building of a new wall would not be hurtful to the plaintiff.

Appeal by the defendant, Doré Lyon, from an order of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 28th day of November, 1892, continuing a temporary injunction restraining the defendant from taking down a party-wall between the premises of the plaintiff and of the defendant, and restraining the latter from interfering with the wall in any manner, except to repair, strengthen and protect it.

*L. Laflin Kellogg*, for the appellant.

*Jeroloman & Arrowsmith*, for the respondent.

O'Brien, J. :

The plaintiff and defendant are owners of adjoining premises, upon which buildings are erected, the center wall being a party-wall. This wall is about ninety-nine feet in length by over sixty feet in height, and stands five inches on the plaintiff's and eleven inches on the defendant's land. The plaintiff uses this wall to the extent of four stories in height and forty-five feet in depth ; the defendant

uses the entire wall of about sixty-five feet in height and about ninety-nine feet in depth. The foundation of the wall goes down six feet and rests upon rock.

The defendant, who is about to erect a new building on his premises, claims that, under the building laws, for the building which he desires to erect he cannot use the present walls, the foundations being insufficient in depth, and that it is necessary, in order that the foundations may be placed to the proper depth, that he should be allowed to destroy temporarily, or to entirely remove, the present party-wall, and, after excavating the rock to the necessary distance, to erect a new wall in the place and stead of the old one. To justify the taking down of the entire wall defendant states that, to take down the rear and end walls of his building and the timber braces in between would render the party-wall unsafe for any purpose, and, therefore, that it would be mutually advantageous and more safe to remove the entire wall and rebuild it.

We do not understand that any serious question is presented, but that, for all practical purposes of the plaintiff, the present wall is sufficient to support the building now erected. In addition (a contract of sale having been entered into by the plaintiff), the present wall is regarded as suitable for the purpose of permitting the erection of a factory, to which use it is to be devoted by those to whom the plaintiff has contracted to sell the property.

The defendant, in the exercise of what he regarded as his right, had taken down a portion of the wall, and was proceeding to remove the balance thereof, with a view of restoring it in the shape of a new wall on a deeper foundation, when prevented by the injunction, which was made permanent, and which required that he should be restrained from interfering in any way with the party-wall, " except to repair, strengthen or protect it."

Upon this appeal the defendant contends for the right to entirely remove the wall, provided it is done with a view to restoring the same. This, upon the claim that, as it will be necessary to have a deeper foundation to support a new building which he is about erecting, he can, without the consent of the plaintiff, in the exercise of a right, remove temporarily the wall supporting the plaintiff's building. We have been unable to find any authority to uphold any such claim.

Where the question relates to a party-wall, which has become unfit to support the buildings or has become so dilapidated or dangerous that it should be repaired or removed, then, undoubtedly, the right exists on the part of one owner of the party-wall, without the consent, and even against the express opposition of his cotenant, to do whatever is necessary to put it in a safe and proper condition, even though this involved the removal of the entire wall. This principle has been recognized in several cases. Thus, in *Campbell* v. *Mesier* (4 Johns. Ch., 334), which is a case of a party-wall standing equally on two lots and which became ruinous, and which was pulled down and rebuilt higher than it was originally by the owner on one side against the will and in spite of the prohibition of the adjacent owner, it was held, not only that the plaintiff had such right in view of the condition of the wall, but that the adjacent owner was bound to contribute to the expense of the new wall, but not to the extra expense of making it higher than the old one.

The case of *Brooks* v. *Curtis* (50 N. Y., 639) holds that " adjoining proprietors have an easement in the land of the other covered by a party-wall, and the title of each owner is qualified by the easement to which the other is entitled. This easement includes the right to increase the height of the wall, provided such increase can be made without detriment to the strength of the wall or to the property of the adjacent owner. The party making the addition, however, does it at his peril. He must insure the safety of the work, and if injury results he is liable."

While the latter case shows the extent to which one owner of a party-wall may be permitted to go in the use thereof, the former, which is referred to in the case of *Brooks* v. *Curtis*, shows that such right does not go to the extent of allowing the removal of the wall, except where the latter becomes ruinous, dangerous, or unfit, or unsuitable to support the existing buildings, in which case either of the owners of the party-wall would have the right to remove it for the purpose of restoring it by another. Or, as stated in *Partridge* v. *Gilbert* (15 N. Y., 601), with respect to a party-wall : " Each grantee acquires an easement of supporting his building by means of the half of the wall belonging to his neighbor. This right exists so long as the wall continues to be sufficient for the purpose and the respective buildings remain in a condition to need and enjoy the

support." In this case one of the buildings supported became so dilapidated as to be unsafe and unfit for occupation ; it was shown that the removal of the front and rear walls of such building, with the floors and beams, would occasion the destruction of the whole wall ; and it was held that the owner of such building may, upon reasonable notice to the tenant of the adjoining building, lawfully take down the whole wall, and if he occupy no unnecessary time in completing the work, and use proper care and skill in its execution, is not responsible to the tenant of the adjoining building for damages.

According to these authorities to which we have referred, the right to remove a party-wall is given only in cases where either the party-wall itself has become useless for practical purposes, or ruinous, or either building has become dilapidated or unsafe and the removal thereof would endanger the entire wall. In these instances the rebuilding of the wall becomes a necessity, and, if the person in removing and rebuilding the wall proceeds with care, he is not responsible for any injury or damages that may result to the owner of the adjoining property.

This view finds support in McAdam on Landlord and Tenant ([2d ed.], 559), wherein the rule, based upon several authorities, is thus stated : " If the wall is intact and capable of yielding support to one owner, it cannot be taken down by the other, even though his building has been destroyed by fire and every part thereof except this wall rendered utterly useless. The wall itself must have become unsafe or useless or it cannot be interfered with to the injury of the other. But if the walls fall into a state of decay so that it becomes necessary to take them down and rebuild them, either party has the right to do so upon reasonable notice to the other, using such care and skill in the prosecution of the work as the circumstances may require. In other words, if the wall becomes ruinous and ceases to answer the purposes of support, the easement is at an end and each proprietor may build as he pleases upon his own land, without any obligation to accommodate the other."

The converse of this rule finds support in *Maxwell* v. *East River Bank* (3 Bosw., 146), wherein the judge writing the opinion, in speaking of the settled law as to the rights of owners of adjoining lots in a party-wall, says : " Neither can remove or do anything to impair the stability or sufficiency of such wall, so long, at least, as

the buildings continue in a condition to subserve, in every substantial respect, the uses for which they were erected."

It will thus be seen, by a review of the authorities, that none of them goes to the extent of upholding the appellant's position, upon the facts here presented, of taking down and removing the entire wall. For the purposes of the plaintiff's building, and we do not know that it is claimed but that, for the purposes of the present building owned by the defendant, both of which are supported by the party-wall, the latter is a sufficient support. Notwithstanding, however, the plaintiff's objection, and the fact appearing that the wall is by no means ruinous or useless, but, on the contrary, is entirely sufficient for plaintiff's building, the defendant insists on the right to remove the entire wall because of his desire to erect a new building of a different kind from that which now finds support in the wall, and which new building would require a deeper foundation, to construct which would make it expensive, unless he be allowed to take down the wall, and thereafter rebuild it again. This convenience or saving of expense to defendant is not sufficient to justify a destruction of the plaintiff's rights. And, we think, upon the facts here appearing, that so much of the injunction as prevented the defendant from removing the portion of the wall which gives support to the plaintiff's building, should be affirmed.

Appellant insists, however, that, though this be true, the injunction is too broad, and should be modified so as to permit the defendant to tear down the portion of the wall built for and used entirely by the plaintiff. Defendant's affidavits show that the wall is ninety-eight feet nine inches in length, and sixty-five feet in height; that of this the plaintiff uses a portion forty-five feet two inches in length for a four-story wall, and nineteen feet in the rear for a one-story shed.

We should be inclined to adopt the view contended for by the appellant with respect to the modification of the injunction, were it made to appear that no injury would result to the plaintiff. This, however, is not shown, but, on the contrary, the record discloses the fact that, under the building department rules, the length of the wall could not be more than eighty feet, instead of ninety-eight feet

.nine inches, which is its present length; and, in addition, the same .rules would require recesses for light and air to be built in connection with the defendant's premises, and it does not appear but that such would be necessary in the portion of the wall not at present used by the plaintiff. It will thus be seen that a solid wall, such as at present exists, would not be restored, but a different kind of wall would have to be substituted. We do not think that the plaintiff, under such circumstances, is obliged to submit to a removal of the party wall which extends beyond his building and which is at present not in use.

Our conclusion upon all the facts, therefore, is that the order was right and should be affirmed, with costs.

VAN BRUNT P. J., and FOLLETT, J., concurred.

Order affirmed, with costs.