## James E. Cagney v. E. C. Sweet.

1. INJUNCTIONS—*Relating to Party Walls.*—When a person has a right under a party wall agreement to carry the wall up higher, although it may shut off the view from the other party's windows and lessen the light coming thereto, he may do the same thing by the erection of a screen upon such wall, without entitling the other party to relief by injunction.

Bill, for injunction. Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed January 7, 1897.

### STATEMENT OF THE CASE.

On April 23, 1895, appellant was the owner of lot 5, known as No. 615 West Monroe street, and appellee was the owner of lot 4, known as No. 613 West Monroe street. Lot 5 was vacant, and lot 4 was improved with a two-story brick building. The west wall of this building stood one-half on appellant's lot, as he claimed, but only four inches on the lot, as appellee claims.

On said date appellant was about to build on his lot, and called upon appellee, who referred him to his attorney, who drew a party-wall agreement, which was executed by the parties hereto.

Appellant contends that the whole of the west wall of appellee's building is a party wall, and appellee contends that only the south 16 3-12 feet is a party wall, and that the residue is not a party wall, claiming an easement from twenty years' user in this wall supported upon appellant's lot.

The party-wall agreement is as follows:

"Dated April 23, 1895. Between E. C. Sweet, the defendant, of first part, and Jas. E. Cagney, the complainant, of second part. First party owns lot 4, block 7, etc., known as 613 West Monroe street, Chicago.

Second party owns lot 5, block 7, etc., known as 615 West Monroe street, and adjoining said lot 4. Both parties desire a party wall be declared and erected between them, half to stand on lot of first party and the other half on lot of second party.

Now, therefore, etc., in consideration of $1, etc., and the agreements, etc., of second party, first party grants to second party full liberty to join to and use as a party wall the south 16 3-12 feet of west wall of building, on said lot 4, with the privilege of increasing the height of the part of said wall hereby granted so that the same may coincide with the other parts of building which second party may erect on said lot 5.

And further grants to second party the privilege of erecting a party wall adjoining on the south of the building on lot 4, extending a distance of 6 6-12 feet; and further grants to second party the privilege of erecting a party wall on the north of said building on said lot 4, commencing 4 11-12 feet north of said building and extending a distance of 14 6-12 feet, the center of said walls to be the division line of said lots.

The said walls to be of good materials and workmanship and conform to building laws. The said walls not to project upon said lot 4 further than to coincide with east face of west wall of building on said lot 4, except in case of chimney flue. That said wall so built shall be and remain party walls.

First party may use said walls without compensation. Second party to keep walls in repair at his own expense until used by first party.

Second party grants to first party the privilege of opening windows in the north 21 4-12 feet of the west wall of building on said lot 4, with the further right of increasing the height of same west wall in conformity to any building that may be thereafter erected on said lot 4, and the further privilege of extending the north and west walls of said building on said lot 4, so that same may join on the east wall of the building to be erected by second party on lot 5.

Walls to be erected at cost of second party; second party to construct chimney flues at points designated by first party.

Second party to build up chimneys of first party to same height as those on buildings to be erected by second party.

Second party to paint walls of his building same color as building of first party."

Cagney v. Sweet.

The following testimony was given:

"Mr. Warvelle: This contract does not cover the part marked blue in pencil on this plat.

Mr. White: No, sir; except to open windows in it, and increase its height to conform to Cagney's house.

Mr. White: Mr. Warvelle, let me have your plat."

(Plat handed to Mr. White.)

Plat produced and offered in evidence, and is in words and figures as follows, to wit:

"Mr. Warvelle: We have used the part of wall marked blue in pencil, for over twenty years, and claim an easement in the land on which it rests, for the support of our building. There is no party-wall contract of record relative to this wall, and none that I ever heard of.

Mr. White: That is probably correct, but there must have been some agreement of some kind, at some time, between the former owners.

Mr. Burns (the witness) resuming: Before suit was brought Sweet had built a fence or screen on top of the wall marked blue (indicating), five feet in height. This fence was fastened (indicating) to the north end of south party wall, described in party-wall agreement. Sweet built a sheet-iron screen and fastened it to the party wall.

Mr. Sweet: Since this suit was brought I have had the screen changed so that it is not supported by the party wall."

The wall out of which this suit arose, was or was not a part of the party wall provided in the agreement. Upon this disputed wall appellee built a screen, thus shutting out the view over his property theretofore existing from windows in the premises of appellant near by. Appellant filed a bill asking for an injunction restraining appellee from maintaining such screen; the court below refused the injunction and dismissed the bill.

G. FRANK WHITE, attorney for appellant.

WARVELLE & CLITHERO, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Granting that the wall upon which the screen was built is a party wall, we do not think appellant is entitled to restrain the building of a screen thereon. Appellee had a right to carry the wall up higher, which would have, as effectually as the screen, shut off the view from appellee's windows and lessened the light coming thereto.

Appellee has not done, and is not threatening to do, any injury to the wall.

Appellant testifies that the screen darkens his windows. This, by carrying the wall higher, appellee had a right to do; that he has done it by the erection of a screen, does not entitle appellant to relief by way of injunction.

The decree of the Circuit Court is affirmed.