(31 Misc. Rep. 52.)

FRIEDMAN v. SAUL.

(Supreme Court, Special Term, New York County. March, 1900.)

INJUNCTION—DISSOLUTION—PARTY WALLS—REMOVAL.

    Where, on motion to vacate a temporary injunction restraining the removal of a party wall, defendant presented unopposed affidavits, which, though not clear and satisfactory, would entitle him, when most favorably construed, to prevail on the trial, and plaintiff's complaint specified her damages from such removal, the injunction will be dissolved on defendant's giving a bond to secure plaintiff against damage.

Action by Katharine Friedman against Charles Saul to enjoin the removal of a party wall. Motion to vacate the injunction. Granted on terms.

Adolph Cohen, for plaintiff.
A. Stern, for defendant.

LEVENTRITT, J. It was in effect conceded on the argument, what appears presumptively from the papers, that the wall in question is a party wall. Rogers v. Sinsheimer, 50 N. Y. 646, 648. The defendant could remove it, therefore, only if the wall had become ruinous, or if either building had become dilapidated or unsafe, so that the removal thereof would endanger the entire wall. Partridge v. Lyon, 67 Hun, 29, 21 N. Y. Supp. 848; McAdam, Landl. & Ten. (2d Ed.) 559. In such cases the necessity for reparation must be established by men skilled in the business, and can only be made on due previous notice. Washb. Easem. 612; Campbell v. Mesier, 4 Johns. Ch. 334. The defendant seeks to bring himself within these principles by alleging a proper notice to the plaintiff, and by presenting affidavits of various persons tending to show that his building, as well as the party wall, was in a ruinous and dilapidated condition. The allegations are often evasive and inconclusive, and not sufficiently specific either as to time or locality. It is not quite clear whether the present alleged ruinous condition was not, to some extent, produced by the partial removal of the wall. At the same time the plaintiff has not seen fit to interpose answering affidavits, so that the defendant's allegations are practically unchallenged. Should these be established on the trial according to their most favorable interpretation, the defendant could prevail; but, the facts not being fully developed in the papers, the outcome of the trial remains quite uncertain. The burden is on the defendant, and, in the absence of very clear proof of the necessary facts, he should fully pro-

tect the plaintiff. As the latter is, according to her complaint, able to specify her damage, I am of the opinion that the rights and interests of all parties will best be subserved by directing the defendant to carry out his expressed willingness of protecting the plaintiff's building, and by giving a bond in the sum of $5,000 to secure the payment to her of any damage which she may sustain by reason of the removal of the wall for which the defendant may be liable. Wynkoop v. Van Beuren (Sup.) 11 N. Y. Supp. 379.

Upon complying with those conditions, the injunction will be vacated. Ten dollars costs to abide event. Ordered accordingly.