JOHN DONOVAN, Respondent, *v.* KISSENA PARK CORPORA-
TION and Others, Appellants, Impleaded with FRANCIS
RAY HOWE, Defendant.

Second Department, February 9, 1918.

**Trespass — jurisdiction of equity to restrain trespass — when
mandatory injunction granted — object of proceedings in civil
courts.**

The unquestioned jurisdiction of equity to restrain a trespass is sparingly used and the trespass alone is insufficient to invoke it.

If a trespass consists of a structure or of materials so placed on the land that relief cannot be had by execution on a judgment in ejectment, and the injury is irreparable and cannot be compensated in damages except through multiplicity of actions, it may be. restrained by mandatory injunction.

The rule that only in cases where the remedy at law is inadequate will equity interfere, has lost none of its vigor.

Although defendants have willfully and wantonly entered on plaintiff's land and taken therefrom a quantity of cement sand and filled in the excavation with stones, garbage, ashes, refuse and other materials, they should not be required by a mandatory injunction to remove the sand and refill the excavation with the same sand or sand of equal quality, where it appears that the sand removed is worth only $625, for the value of which the plaintiff had a complete remedy at law; that compliance with the injunction will cost the defendant over $3,000 or about the value of the lots, and that the return of the sand will not be of substantial value to the plaintiff.

The object of proceedings in the civil courts, except in cases where punitive damages are allowed, is not punishment of the defendant, but redress for the plaintiff. The remedy should, therefore, be so shaped that there is some reasonable relation between the burden placed on the defendant, and the benefit to the plaintiff.

RICH, J., dissented in part.

APPEAL by the defendants, Kissena Park Corporation and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of

Queens on the 23d day of July, 1917, upon the decision of the court after a trial at the Queens County Special Term.

The judgment determined that the defendants were trespassers upon plaintiff's land, in that they had taken therefrom about 2,500 cubic yards of cement sand and filled the excavation with stones, garbage, ashes and other materials, and granted a mandatory injunction commanding the defendants to remove said filling within three months and to refill the excavation with the sand removed therefrom, or equally good cement sand.

*Ignatius A. Scannell,* for the appellants.

*John W. Hannon* [*P. Henry Delehanty* with him on the brief], for the respondent.

BLACKMAR, J.:

The jurisdiction of equity to restrain a trespass, although unquestioned, is still sparingly used. Trespass alone does not suffice to invoke it. " The foundation of the jurisdiction rests in the probability of irreparable injury, the inadequacy of pecuniary compensation, and the prevention of a multiplicity of suits, and where facts are not shown to bring the case within these conditions, the relief will be refused." (High Inj. [4th ed.] § 697; *Jerome* v. *Ross,* 7 Johns. Ch. 315.) If the trespass consists of a structure or of materials so placed on the land that relief cannot be had by execution on a judgment in ejectment, and the injury is irreparable and cannot be compensated in damages except through multiplicity of actions, it may be restrained by mandatory injunction. (*Wheelock* v. *Noonan,* 108 N. Y. 179; High Inj. [4th ed.] § 708; *Hahl* v. *Sugo,* 169 N. Y. 109; *Creely* v. *Bay State Brick Co.,* 103 Mass. 514.) The rule that only in cases where remedy at law is inadequate, will equity interfere, has lost none of its vigor. Whatever may have been the origin of the rule, it may now be firmly founded on undesirability of extending the use of the drastic remedy of imprisonment of the body, which is the ordinary method of enforcing a decree in equity.

The trial court has found that the defendants willfully and wantonly entered on plaintiff's land, " excavated a portion thereof below grade about 75 feet in length by 60 feet in width to an average depth of about 15 feet, and removed therefrom approximately 2,500 cubic yards of good cement

sand and carried the same away," and that thereafter they "filled in the excavation made by them therein with quantities of rock, stone, garbage, ashes, refuse and other material." These trespassers deserve no sympathy if they suffer by the judgment, but the judgment cannot be sustained unless the facts conferring jurisdiction in equity are shown. The sand which the defendants removed was found by the trial court worth $625. For the value of the same plaintiff has a complete remedy at law; but the decision of the court may be searched in vain for a finding that the excavation and refilling damaged the property. The only finding as to the value of the premises is that on December 11, 1908, before the trespass, they were worth $2,162, while at the time of the trial they were worth from $3,000 to $3,400. The judgment is most severe. According to the finding of the court, compliance will cost the defendants over $3,000, or about the value of the lots; and, except for the worth of the sand, for which a money judgment can compensate, it does not appear that compliance will be of substantial value to plaintiff. The object of proceedings in the civil courts, except perhaps in cases where the illogical remedy of punitive damages is permitted, is not punishment of the defendant, but redress for the plaintiff. The remedy should, therefore, be so shaped that there is some reasonable relation between the burden placed on the defendants and the benefit to plaintiff. (*Batchelor* v. *Hinkle,* 210 N. Y. 243.) In this case the defendants have been ordered to perform work at a cost of several thousand dollars, without, so far as can be seen from the findings of the court, conferring any benefit on the plaintiff, except one which can be compensated by a money payment.

The judgment should be reversed and new trial granted, costs to abide the final award of costs.

JENKS, P. J., MILLS and KELLY, JJ., concurred; RICH, J., concurred in the result, but is of opinion, however, that plaintiff is entitled to be reimbursed for such amount as it would cost to remove the material now upon his premises and replace it with sand of the same constituency.

Judgment reversed and new trial granted, costs to abide the final award of costs.