JAMES S. HERRMAN, Appellant, Respondent, *v.* HARTWOOD
    HOLDING COMPANY, INC., Respondent, Appellant.

First Department, July 2, 1920.

**Real property — easements — party wall — rights of respective owners
— suit for mandatory injunction to compel restoration of party
wall and removal of encroachments — when plaintiff entitled to
recover — erection of new wall by defendant — violation of Build-
ing Code of city of·New York — power of equity to withhold injunc-
tion and award damages.**

Suit in equity to compel the defendant to restore a party wall to its con-
    dition before it was interfered with by the defendant's building operations
    in constructing an apartment hotel and to compel the defendant to remove
    certain encroachments upon the plaintiff's premises, etc., and to compel
    him to comply with the provisions of the Building Code and ordinances
    of the city of New York in constructing flues in said party wall.   Evidence
    examined, and *held*, that findings of fact and conclusions of law favorable
    to the defendant must be reversed and a new trial granted.

In this jurisdiction either owner of a party wall may, without the consent
    of the other and at his own expense, carry the party wall higher provided
    the existing party wall be not impaired thereby and such addition thereto
    be so made and constructed that it may be used as a party wall by both
    owners.

But one owner is not entitled after partially abandoning a party wall to
    rebuild upon independent foundations where the new wall will not be
    self-supporting if the adjoining owner should remove the old party wall and
    the new wall will be of no value to such owner if the new building be
    removed or destroyed.

New piers and columns built by the defendant which extend over the bound-
    ary line and upon the plaintiff's premises constitute an invasion and
    permanent appropriation of his property and also an invasion of his rights
    as a co-owner of the party wall, to the extent that the party wall has been
    destroyed and weakened thereby.

The defendant in rebuilding had no right to reduce the thickness of the
    party wall by inserting water pipes therein to flush toilets in its hotel,
    where the noise thereof is clearly audible in the plaintiff's premises and
    constitutes a nuisance.

The defendant cannot justify the closing up of flues in the party wall which
    were used by the plaintiff nor erect improper chimneys contrary to the
    requirements of the municipal Building Code, upon the theory that the
    plaintiff has no rights under said Code, and that the only redress for the
    violation thereof is a prosecution for the fine thereby imposed.

The Building Code was enacted both for the benefit of the public and the

owners of property, and its provisions cannot be defeated by the acqui-
escence of the local authorities whose business it is to enforce the law.

Although the plaintiff, presumptively, is entitled to a mandatory injunction
requiring the removal of the encroachments and the restoration of the
party wall yet his complaint is addressed to the judicial discretion of a
court of equity and if the defendant has acted in good faith, the court may
withhold the injunction in part or in whole and compensate the plaintiff
in damages.

CROSS-APPEALS by the plaintiff, James S. Herrman, and the
defendant, Hartwood Holding Company, Inc., from a judg-
ment of the Supreme Court, entered in the office of the clerk
of the county of New York on the 28th day of November,
1919, upon the decision of the court rendered after a trial at
the New York Special Term.

The plaintiff appeals from said judgment in so far as it fails
to award injunctive relief as prayed for in the amended com-
plaint, and in so far as it confines the award of damages to
the sum of $1,175, and the defendant appeals from that part
of the judgment awarding damages and costs to the plaintiff.

*Reuben D. Silliman,* for the plaintiff.

*Lewis M. Isaacs* of counsel [*M. S. & I. S. Isaacs,* attorneys],
for the defendant.

LAUGHLIN, J.:

This is a suit in equity to compel the defendant to restore
a party wall to its condition before it was interfered with
by building operations conducted by the defendant, and to
compel the defendant to remove certain encroachments made
by the defendant upon the plaintiff's premises and upon
his easement in the party wall, and to compel the defendant
to restore the flues in the party wall used by the plaintiff
to their former condition and to carry them up in accordance
with the provisions of subdivision 9 of section 392 of the
Building Code, being chapter 5 of the Code of Ordinances of
the City of New York (Cosby's Code Ord. [Anno. 1920], p. 124),
and to compel the defendant to restore the plaintiff's building
in so far as it has been damaged by the acts of the defendant
to its former condition, and for damages caused by injuries
to the plaintiff's property and by annoyance, inconvenience
and interference in the enjoyment thereof, and for such other

and further relief as may be just and equitable, together with costs of the action.

The learned trial court was of opinion that the changes made in the party wall and the use thereof made by the defendant were within the rights of the defendant as owner of one-half of the party wall, and that since the local officials, having jurisdiction in the premises, approved of the manner in which the plaintiff's flues were carried above the party wall, it was immaterial whether or not the construction was in accordance with the provisions of the Building Code, and, upon that theory, denied all plaintiff's demands for equitable relief and awarded judgment only for the amount of damages found to have been caused by direct injuries to his building during the building operations of the defendant.

At the time of the commencement of the action, and for twenty-six years before the trial, the plaintiff owned and occupied, as a family residence, the dwelling known as No. 238 West Seventy-first street, in the borough of Manhattan, city of New York, which covered the entire front of his lot, which is twenty feet in width, and his easterly and westerly boundary lines ran through the middle of a party wall. One Frayne, who at one time owned the plaintiff's lot and a lot of similar dimensions toward the east, known as No. 236 West Seventy-first street, and eight lots of like dimensions on the west, erected thereon, simultaneously, ten three-story houses. After acquiring title, the plaintiff, in 1904, added another story to his house, carrying up the party wall therefor. The plaintiff's house became then, and thereafter remained, a four-story house with stone box stoop; the first story being of cut stone and the front of the other three stories being brick with stone trimmings, with a basement and cellar and an extension in the rear three stories high, eleven by sixteen feet. The party wall, as thus built up by the plaintiff, extended fifty-five feet above the curb and was fifty-five feet in length. The defendant acquired title to the premises adjoining those of the plaintiff on the east and adjacent premises, and in the month of October or November, 1916, demolished the buildings thereon and proceeded to erect thereon a fourteen-story apartment hotel of steel and concrete construction. The party wall, through the middle of which

runs the easterly boundary line of plaintiff's premises, was of brick construction, twelve inches in thickness from a point two feet below the curb, and it rested on a stone wall twenty inches in thickness, extending down eight feet from that point, and this in turn rested on a cement base thirty-two inches in width and twelve inches in depth. The foundation of the defendant's hotel extends several feet below the foundation of the party wall, and the defendant supported the foundation of the party wall by underpinning and carried the foundation thereof lower. With one exception, to which reference will be made presently, the hotel building rests upon independent foundations and columns and not upon the party wall, but at the front it abuts upon the party wall for a distance of about twenty or twenty-five feet and it abuts on the party wall in the rear for several feet, and opposite the party wall and between these points of contact with the walls of the hotel there is an open court with windows from the apartments of the hotel opening thereon. When the westerly wall of the hotel building was constructed to the level of the top of the party wall, as it existed at the time, it was extended over and carried up on the party wall on the defendant's line for the distance of about half a story of the hotel building, and to this extent that wall rests in part on the party wall, but from that point on up the weight of the hotel wall is carried by the steel construction. The plaintiff complains of this use of the party wall. The defendant claims that it had the same right to carry up the party wall as the plaintiff exercised in 1904. It is now well settled in this jurisdiction that either owner of a party wall may, without the consent of the other, and at his own expense, carry the party wall higher provided the existing party wall be not impaired thereby and such addition thereto be so made and constructed that it may be used as a party wall by both owners. (*Brooks* v. *Curtis,* 50 N. Y. 639; *Negus* v. *Becker,* 143 id. 303; *Nash* v. *Kemp,* 49 How. Pr. 522; affd., 12 Hun, 592; *Partridge* v. *Gilbert,* 15 N. Y. 601. See, also, *Everett* v. *Edwards,* 149 Mass. 588; *Fleming* v. *Cohen,* 186 id. 323; *Cagney* v. *Sweet,* 67 Ill. App. 641; *Bright* v. *Bacon & Sons,* 116 S. W. Rep. 268.) The answer to the defendant's contention in this regard is that it has not carried up the party wall. What it has constructed, resting

on the party wall, is part of a much thicker wall of its hotel resting on independent foundations and exclusively its own. To be sure the defendant's building, standing on the wall as thus carried up by it, has some resemblance to a party wall; but it is manifest that it would not stand independently if plaintiff should remove the party wall now apparently abandoned as such by defendant or remain of use or value to the plaintiff as a party wall should the defendant's building be removed or destroyed. Such use of the party wall for a new and entirely different building was unauthorized. (*Heartt* v. *Kruger*, 5 N. Y. Supp. 192; affd., 121 N. Y. 386; *Brooks* v. *Curtis, supra.*)

At four points in the party wall, two in front and two in the rear, the defendant tore out the party wall from the foundation up several feet in length horizontally, and at one point to the extent of eight feet, leaving the party wall only about three inches in thickness at those points and in some places less for the erection of four columns for the support of the westerly wall of the hotel and erected three reinforced concrete piers and columns two feet ten inches by three feet six inches in diameter, and one larger, all of which project from two to eight inches over the plaintiff's line at the base and at all points, as I understand the evidence, to some extent over his line. In doing this the defendant in some instances broke through the party wall. The space around these piers and columns from which the party wall was thus removed was filled in with rough stone and cement and not bonded into the concrete piers. The piers and columns as thus constructed, in so far as they are in the party wall, cannot be said to form part of a party wall, for they are independent structures erected solely for the use and benefit of the defendant and are of no use or benefit to the plaintiff, and it is evident that if defendant's building should be removed or wholly destroyed a complete party wall would not remain for the protection of the plaintiff's building and for his enjoyment thereof. The acts of the defendant cannot be justified on the theory that the party wall had become dilapidated and that it merely repaired and rebuilt it; and, therefore, to the extent that the piers or columns are built over the plaintiff's line, this constitutes an invasion and permanent appropriation

of his property and to the extent that the party wall has been destroyed and weakened thereby, it constitutes an invasion of his rights as a co-owner of the party wall. (*Heartt* v. *Kruger, supra; Brooks* v. *Curtis, supra; Partridge* v. *Lyon,* 67 Hun, 29; *Nash* v. *Kemp,* 12 id. 596; *Kerwin* v. *Post,* 120 App. Div. 179. See, also, *Partridge* v. *Gilbert,* 15 N. Y. 601; *Hayes* v. *Arcade Real Estate Co.,* 257 Penn. St. 566.)

The defendant also made cuts in the party wall opposite each story of the plaintiff's dwelling of the dimensions of about eight feet horizontally and two feet vertically, reducing the thickness of the party wall at these points to about four inches and inserted therein water pipes which are used in flushing the toilets in the hotel directly opposite each floor of plaintiff's house, and owing to the thinness of the party wall thus remaining whenever one of such toilets in the hotel is used the flushometer is plainly audible in the plaintiff's sitting room, and throughout his house and constitutes as to him a nuisance. This, too, is an unauthorized use of the party wall and manifestly the party wall as such has been seriously impaired thereby. It has been held that a co-owner of a party wall is not entitled to maintain therein windows which were originally constructed therein. (*National Commercial Bank* v. *Gray,* 71 Hun, 295, 300; *De Baun* v. *Moore,* 32 App. Div. 397; affd., on opinion below, 167 N. Y. 598.) If the use of a party wall for obtaining light, which in no manner injures the co-owner, is not a proper use, surely such ripping into a party wall and placing therein water pipes which thus constitute an annoyance to the co-owner is not a proper use of such a wall.

There is evidence in the record tending to show that without the plaintiff's consent the defendant closed up some of the flues in the party wall which were constructed for the use of the plaintiff's premises and constructed another in place thereof, but on this point the evidence is not entirely clear, for it is not apparent how a new flue could be constructed in a party wall of this thickness without substantially taking down a whole section of the wall and it is not expressly stated how this was done. That could not be lawfully done without the plaintiff's consent for he was entitled to use and enjoy the party wall as it was constructed. It is perfectly clear,

however, that the defendant in carrying the chimney up beyond the party wall as required by said subdivision 9 of section 392 of the Building Code, owing to the fact that the defendant built on its adjoining premises up to and many stories higher than the party wall, failed to comply with the requirements of the said provisions of the Building Code. Instead of carrying the chimney up with brick or stone laid in cement mortar or with reinforced concrete, and lining the flue with terra cotta pipe as required by law (Building Code, § 392, subds. 1, 3; Cosby's Code Ord. [Anno. 1920], p. 123), it inserted at the opening of the flue in the top of the party wall a metallic elbow, exposed to the weather, carrying the vent nearly at right angles into the wall of the hotel building where the course of the vent was again changed substantially at right angles, with the result, which might have been expected, of seriously impairing the draft and the usefulness of the flue and its durability. One answer interposed by the defendant to this objection is that the plaintiff acquired no rights under the Building Code and that the only redress for violation thereof is a prosecution for the penalty thereby imposed. That point is utterly untenable. The law was enacted both for the benefit of the public and of the owner of the adjacent building and its provisions are clear and cannot be defeated by the acquiescence of the local authorities whose business it is to enforce the law. These observations apply with equal force to the failure of the defendant to extend the plumbing vents as required by plumbing rule 50.

I am of opinion, therefore, that, in the particulars specified, the property rights and easements of the plaintiff have been invaded by the defendant and that on these facts the plaintiff, presumptively, is entitled to a mandatory injunction requiring the removal of the encroachments and the restoration of the party wall. His complaint, however, is addressed to the judicial discretion of a court of equity, and it may be that the defendant has acted in good faith and under the advice of counsel, although erroneous, and that the cost and expense to the defendant of executing such a judgment would be disproportionate to the depreciation in the market value of the plaintiff's premises caused by such invasion of his property and of his easements, and if so it would be within the judicial

discretion of the court to determine the amount of such depreciation in value of the plaintiff's property and withhold a decree for a mandatory injunction, or issue a mandatory injunction in some respects and withhold the decree in other respects, upon the defendant's compensating the plaintiff for the depreciation, and in that event to require the plaintiff on the receipt of such compensation to execute a release to the defendant releasing it from any claim for damages on account of such changes in the party wall and conferring on the defendant the right to maintain its hotel building as erected. (*Donovan* v. *Kissena Park Corporation,* 181 App. Div. 737; *Crocker* v. *Manhattan Life Ins. Co.,* 61 id. 226; *Batchelor* v. *Hinkle,* 210 N. Y. 243; *McCann* v. *Chasm Power Company,* 211 id. 301.)   There is, however, no evidence in the record on this point upon which we can mould a proper decree.   It, therefore, becomes necessary to grant a new trial of the issues.

In this view it is unnecessary further to consider claims made in behalf of the appellant or to consider the respective claims of inadequacy and excessiveness of the damages awarded to the plaintiff and they should be left to be determined by the court on a new trial.

Toward the front of the building the defendant, in conformity with said section of the Building Code, was obliged to carry up another chimney.   The chimney had two flues and the defendant carried it up in the wall of the hotel building and in so doing built out over the party wall a chimney breast of the width required for two flues.   The plaintiff complains that this chimney breast should have been confined to the width necessary for one flue.   There were negotiations between the parties with respect to this and there is a conflict in the testimony concerning the understanding arrived at by them which the trial court resolved in favor of the defendant.   I think the plaintiff has no substantial grievance in this regard for in the opinion of the architect the wall above the plaintiff's building presents a better appearance architecturally than if the chimney breast were narrower. If a new trial were not necessary on other grounds we would not, on this point, disturb the finding that the plaintiff consented to the construction as made.

It follows, therefore, that the judgment and all findings of fact and conclusions of law made by the trial court should be reversed and a new trial granted, with costs to plaintiff, appellant, to abide the event.

CLARKE, P. J., DOWLING, PAGE and GREENBAUM, JJ., concur.

Judgment reversed and a new trial ordered, with costs to plaintiff to abide the event.