# CATHARINE H. MITTNACHT, Appellant, *v.* JAMES J. SLEVIN, Respondent.

*Party-wall agreement — right of one owner to increase the height of the wall.*

67  315
142a  688

A mere recital in a party-wall agreement, made by the owners of adjoining premises, that one owner is about to erect a building of a certain number of stories will not of itself prevent such owner from erecting a building of a greater number of stories.

A "party-wall agreement" carries with it the right to each owner to increase the height of the wall, provided such increase can be made without detriment to the strength of the wall or to the property of the adjacent owner; and when such an agreement has been entered into intentionally the rights thereby conferred cannot be taken away by construction or evidence as to intention.

Appeal by the plaintiff, Catharine H. Mittnacht, from a judgment of the Supreme Court, in favor of the defendant, entered in the office of the clerk of the city and county of New York on the 2d day of August, 1892, on a decision rendered at the New York Special Term dismissing the complaint on the merits, with costs.

*John Larkin,* for the appellant.

*B. B. Kenyon,* for the respondent.

Van Brunt, P. J.:

This action was commenced to restrain the defendant from building a certain party-wall six stories high.

It appeared upon the trial that the parties to the action were the owners of adjoining premises known as Nos. 23 and 25 Spring street. They executed a party-wall agreement, by which, after reciting the ownership of the premises known as 25 Spring street by the defendant, and the ownership of No. 23 Spring street by the plaintiff, and that the defendant was about to erect on his said lot of land a five-story building, it was agreed between the parties that the easterly wall of the building thus to be erected by the defendant should be a party-wall, and should stand half on the land of each of the parties thereto to the whole depth of the lots of said respective parties, and it was provided as follows :

*First.* That the defendant might, in the erection of his said building, build one-half of the easterly wall thereof on the land of the

plaintiff to the whole depth of the lot, the foundation wall being twenty inches in thickness below the curb, sixteen inches in thickness up to forty feet above, and twelve inches in thickness above that ; and that, when the wall should be built and completed, the plaintiff should pay the defendant the sum of $500 in full for her share of the cost of the wall, and said wall should be and remain a party-wall so long as said building should stand, and the plaintiff should have the right to use the wall as a party-wall, on payment being made as aforesaid ; and that, in case of a partial destruction of said wall by fire or otherwise, the same should be rebuilt at the joint expense of each of the parties thereto.

The party-wall was subsequently built, and the plaintiff erected a five-story and the defendant a six-story building. And the question presented is, whether the plaintiff had a right to enjoin the construction of the additional story by the defendant upon his building, it being claimed upon the part of the plaintiff that he is restricted to a five-story building by the terms of the agreement.

We fail to find any such restriction contained in the agreement. It was entirely immaterial what the defendant contemplated at the time of entering into the agreement, in respect to the height of the building which he was about to erect, because the wall being a party-wall, he had the right to increase the height of the wall, provided such increase could be made without detriment to the strength of the wall, or to the property of the adjacent owner. (*Brooks* v. *Curtis*, 50 N. Y., 639.) And this has become the established rule in reference to the owners of party-walls in this State. Therefore, unless the agreement contained restrictive words prohibiting the use of the wall for a building of more than five stories in height, the defendant, if he had originally constructed a five-story building, would have the right to put an additional story upon it, unless he endangered the safety of the wall, which is not claimed: Therefore, the recital as to what was contemplated at the time of entering into this party-wall agreement, could not, in any wise, restrict the rights which had been conferred by the active portions of the agreement itself.

We think, therefore, that there was no ground for the interference of the court, and that the defendant had the right to increase the height of the wall as he did.

As to the question upon the construction of the agreement, and the evidence attempted to be introduced for the purpose of showing the intention of the parties, such evidence was entirely immaterial. The agreement is not, in any way, ambiguous; it does not need construction, and, as far as this question is concerned, it is entirely immaterial, as already observed, what was in the contemplation of the parties at the time of entering into the agreement as to the height of the building to be erected. They intended to enter into the party-wall agreement, which they did, and the rights thereby conferred cannot be taken away by construction, or evidence as to intention.

The judgment should be affirmed, with costs.

O'BRIEN and FOLLETT, JJ., concurred.

Judgment affirmed, with costs.