## KOEPPEL v. MACBETH.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. JUDGMENT—RES JUDICATA—ISSUES DETERMINED.

Where a judgment in a suit to enforce a mechanic's lien showed on its face that the issue as to plaintiff's right to recover for breach of contract and for work and materials, for which he was not entitled to a lien, had not been passed on, such judgment was not res judicata of such issue, though it might have been decided in such suit.

2. MECHANIC'S LIEN—ISSUES.

Code Civ. Proc. § 3412, providing that in suits to foreclose a mechanic's lien, if the lienor fails for any reason to establish a valid lien, he may recover judgment in such suit for such sums as are due him, or which he might recover in an action on a contract against any party to the action, does not require, but merely authorizes, a mechanic's lienor to litigate issues in a lien foreclosure suit with reference to claims against the defendant which were not covered by a mechanic's lien.

Appeal from Municipal Court, Borough of Queens, Third District.

Action by George Koeppel against James Macbeth. From a Municipal Court judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-WARD, JENKS, and HOOKER, JJ.

Robert McC. Robinson, for appellant.
Edward L. Frost, for respondent.

WILLARD BARTLETT, J.   In 1901 the plaintiff made a contract with the defendant to do certain plumbing and other work and furnish the materials requisite therefor in the construction of three houses for the defendant in the borough of Queens.   The defendant refused to allow the plaintiff to finish the contract, whereupon the plaintiff filed a mechanic's lien on the premises for $530, and brought an action in the County Court of Queens county to foreclose the lien.   The action was tried before the Honorable Harrison S. Moore, county judge, who held that the plaintiff had established a valid lien upon the property for the sum of $62.54, and made an express finding to the effect that the plaintiff could not recover in that action the profits which he would have realized had he been permitted to complete the work under the contract, or for the materials which were delivered on the premises, but not used in the buildings.   "Such claims," said the learned county judge in the finding to which I refer, "may be elements of damage in an action for breach of the contract, and those claims are not passed upon or adjudicated in this action."   The present suit is brought to enforce the precise claims which the County Court of Queens county thus refused to pass upon; but the defendant has prevailed in the court below upon a plea of former adjudication.   The contention of the respondent is that, inasmuch as the County Court of Queens county might have passed and ought to have passed upon the claims here in suit, it must be deemed to have done so, notwithstanding the express declaration in the findings to the contrary.   I think it would be carrying the doctrine of former adjudication by implication to the point of absurdity to hold that a litigant is concluded by a previous decision which shows upon its face that the issue presented in the second suit was not determined in the first.   The respondent relies upon section 3412 of the Code of Civil Procedure in the title relative to proceedings for the enforcement of mechanics' liens, which provides that, if the lienor shall fail for any reason to establish a valid lien in an action brought under the provisions of that title, "he may recover judgment therein for such sums as are due him or which he might recover in an action on a contract against any party to the action."   This section does not declare that the plaintiff in such a case must enforce his contract claims not covered by a valid lien in a mechanic's lien foreclosure suit.   It is intended to afford him a privilege, not to subject him to compulsion. The plaintiff here, having failed to establish a lien which embraced materials furnished by him to the defendant, but not used in the construction of the buildings, or profits of which he was deprived by reason of the defendant's interference with his work, was at liberty, it seems to me, to litigate his claims arising out of these matters in a subsequent suit, in which he would be entitled to a trial by jury. The issues arising on those claims were certainly not decided in the mechanic's lien suit, and, while the County Court might have decided

them, it was not obliged to do so, nor does the judgment which it did render, upholding the validity of the lien for a small amount, necessarily involve their determination.

I think the judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered, costs to abide the event. All concur.