COLLINS et al. v. CARLIN et al.

(Supreme Court, Appellate Division, Second Department.   June 23, 1905.)

1. EVIDENCE—TIMEBOOK.

On the issue of the number of days' work done by plaintiff's men, his timebook is not admissible, without the testimony of the men who kept the time and reported it, or the men who did the work and reported their hours, though his bookkeeper is dead; he testifying that his timebooks were made up from time given by timekeepers; that the book in question was made up by the timekeeper, under his supervision, from the bookkeeper's timebook, who got his time from the men himself; that the men reported to him from time to time, sometimes verbally, and sometimes he went "to the job" and asked "how long they had been working—kept track of them"—and that the bookkeeper got his time from the men, and plaintiff every day looked over it to see that it was correct; and that the men reported to him from time to time.

[Ed. Note.—For cases in point, see vol. 20, Cent. Dig. Evidence, § 1445.]

2. SAME—EFFECT OF CROSS-EXAMINATION.

Where plaintiff testified to the number of days' work performed by his men, and it thereafter appeared that he relied for his details on his timebook, and, after its history was elicited, defendants moved that all evidence of performance of work based on the entries therein be stricken out, after the denial of which they began their recross-examination on the specific entries, following this with the motion that plaintiff's evidence be stricken out on every item, except as to those which he said he knew of his own knowledge, on the ground that it was hearsay, such cross-examination did not make the contents of the book evidence for plaintiff.

Appeal from Trial Term, Nassau County.

Action by William P. Collins and another, partners as William Collins' Sons, against Patrick J. Carlin and others, partners as P. J. Carlin & Co.   From a judgment for plaintiffs, defendants appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, RICH, and MILLER, JJ.

Newell Lyon, for appellants.

James Troy, for respondents.

JENKS, J.   I think that the admission of the plaintiffs' timebook was error.   The plaintiffs sued for $5,003 upon a contract for pumping at $10 per diem.   The number of days' work done was an issue, and finally was the sole issue submitted to the jury.   One of the plaintiffs testified that they worked 500.3 days.   At the close of his recross-examination he was permitted to read their timebook in evidence.   Some time before, when cross-questioned as to whether he knew of any work done on a specified day, he answered: "I have a timebook, which will give me the exact date and hours, and so forth, that I checked my bills from as I sent them in, week by week, to Mr. Carlin.   I cannot tell now, sitting on the stand, whether I pumped on March 25th so many hours.   It is all in my book.   I don't carry those things for two or three years.   I have too much to do."   And later, during the colloquy incidental to the offer of the timebook, the court said: "As he said, as far as his verbal testimony is concerned, he could only answer from this book.   He has

told you that." Before the admission of the book the witness testified that their "timebooks" were made up from time "given in" by timekeepers, and that the particular book thereafter admitted was made up by the timekeeper, under his supervision, from the bookkeeper's timebook, who "got his time from the men himself." He also testified that the men reported to himself from time to time, sometimes verbally, and sometimes he went "to the job" and asked "how long they had been working—keep track of them." Under such conditions the rule requires not only testimony from the maker of the entries that they conform to the reports made by the timekeepers or the workers, but also testimony from the timekeepers or the workers that their reports were true. When the maker of the entries can only testify that he acted upon information, and wrote in accord with it, it must be shown that the information conformed to the facts. In this case even the timebooks were not admissible without the testimony of the men who kept the time and reported it, or the men who did the work and reported their hours. Mayor v. Second Ave. R. Co., 102 N. Y. 572, 7 N. E. 905, 55 Am. Rep. 839. The learned counsel for the respondents contends that this book was admissible because the defendants examined the plaintiff "directly from the book," and had "him literally read its contents into the record." The answer is that the defendants did not seek to establish their case by this writing, but to destroy or to impair the writing as evidence for the plaintiffs, or to impair or limit testimony dependent on it. The witness testified as to the total of the days' work. It thereafter clearly appeared that he relied for the details and as to the specific days upon the timebooks or the timebook. After the history of the timebooks was elicited, the defendants thereupon moved that "all evidence of performance of work which is based upon the entries" therein be stricken out. Their motion was denied, and thereupon they began their recross-examination upon the specific entries. That I have correctly described the purpose of the defendants is indicated by the course of the examination, and made plain by the motion thereafter made "that the testimony of the witness be stricken out on every item excepting as to these items which he says he knows of his own knowledge and belief, the entries being made from his own knowledge; that all other items excepting those be stricken out on the ground that it is hearsay." Inquiry as to the origin, competency, or evidential value of a writing more or less relied upon by an opponent, however minute, does not thereby make the contents evidence for the opponent.

It is also contended that the timebook was admissible because the bookkeeper who actually made the entries is dead. Referring to the bookkeeper, the plaintiff testifies:

"Q. Where does he get his time? A. From the men himself, and every day I look over it to see that it is correct. Q. Do the men report to you also? A. They report to me from time to time."

Death accounts for the absence of the testimony of the bookkeeper, but not for the absence of the testimony of those who told him of the time kept by them, or as filled by them in work. The death of the bookkeeper does not dispense with the requirement of

the testimony of those who reported the facts to him. In Cowen, Hill's & Edwards' Notes to Phillipps on Evidence, star page 348, it is said:

"But however Lord Torrington's Case may have been considered by the English courts, it has generally been treated by our own according to its more obvious principle—not only as letting in all books of account kept by a deceased clerk, but all other entries or memoranda made in the course of business or duty by any one who would at the time have been a competent witness to the fact which he registers."

Burr Jones on Evidence, vol. 2, § 323, states the rule as follows:

"It has long been a settled rule of law both in England and in this country that a minute or memorandum in writing, made at the time when the fact it records took place by a person since deceased, in the ordinary course of his business, corroborated by other circumstances which render it probable that the fact occurred, is admissible in evidence."

The limitation is expressed in the leading case of Nicholls v. Webb, 8 Wheat. 326, 337, 5 L. Ed. 628, where the court, per Story, J., said:

"We think it a safe principle that memorandums made by a person, in the ordinary course of his business, of acts or matters which his duty in such business requires him to do for others, in case of his death, are admissible evidence of the acts and matters so done."

In other words, the production of the timebook, with the proof that the entries were made by the deceased bookkeeper, would have been sufficient to render the book competent, if coupled with the evidence of the timekeepers, or the workman, as heretofore indicated. The timebook was not admissible under the well-known doctrine of Vosburgh v. Thayer, 12 Johns. 461 (see Smith v. Smith, 163 N. Y. 168, 57 N. E. 300, 52 L. R. A. 545), because there was no proof of the prerequisites. The further contention as to admissibility is answered by the authority of Mayor v. Second Avenue R. Co., supra.

I think that the ruling was reversible error. The timebook bore directly and cogently upon the sole issue submitted to the jury, and the learned court in its charge commented on this book, described its preparation, told the jury it was in evidence, and then said:

"It is for you to say how far that substantiates his statement—whether it satisfies you as to the correctness of his story or not. I leave it to you to say whether the book is correct—his statement of the time is correct."

The judgment must be reversed, and a new trial granted; costs to abide the event. All concur.