(107 App. Div. 207.)

SCHUMMER v. CLARK et al.

(Supreme Court, Appellate Division, Fourth Department.   July 6, 1905.)

MECHANICS' LIENS—RIGHT TO LIEN—CONSENT OF OWNER.

    A hardware dealer furnished at the request of a husband material for his wife's house, and installed a furnace therein. The husband and wife when the materials were furnished and the work done resided close to the dwelling. The wife was frequently at the house when the work was in progress, and lived in it when the furnace was installed. The hardware and furnace were charged to the husband, and were necessary for the completion of the house. *Held*, that the property was subject to a mechanic's lien for the materials and work, under Lien Law, § 3 (Laws 1897, p. 516, c. 418), giving a mechanic's lien to one performing labor or furnishing material for the improvement of real estate with the consent of the owner, etc.

    McLennan, P. J., and Stover, J., dissenting.

Appeal from Special Term, Erie County. .

Action by Mary R. Schummer against Mary Clark and another. From a judgment dismissing the complaint as to defendant Albert Clark, Mary Clark appeals. Reversed.

The action was commenced to foreclose a mechanic's lien upon property owned by the defendant Mary Clark. The materials were furnished at the request of the defendant Albert Clark, the husband of the defendant Mary, and were charged to him, against whom a personal judgment was directed for the unpaid balance, but the complaint was dismissed as to the wife. The husband does not appeal.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Timothy G. Sheehan, for appellant.

Leroy Andrus, for respondent.

SPRING, J.   In 1901 the defendant Mary Clark owned premises in the village of Hamburg, county of Erie, and a dwelling house was erected thereon during that year. The plaintiff, a hardware dealer, furnished at the request of the husband a quantity of hardware for the house, did plumbing work, and installed a furnace therein, and within 90 days after furnishing the materials and the completion of the work filed a mechanic's lien against the property. The respondent claims that the property is not subject to the lien, alleging that the proof does not show that the husband acted for her, or with her consent, in purchasing the hardware and furnace of the plaintiff. The defendants at the time plaintiff was performing the work and furnishing the materials resided close by the dwelling. The wife was frequently at the house when the work was in progress, and actually lived in it when the furnace was placed in it. The premises belonged to her. The husband was a carpenter and builder, and purchased the furnace and hardware, and they were charged to him. They were obtained, however, for the benefit of his wife, and were necessary to the completion of her house, and presumably enhanced its value, and she personally paid $20 on the account. There

is no pretense that she did not know that the furnace and materials supplied by the plaintiff went into the construction of the house.

We think she is liable. She was the owner, and allowed these improvements to be made, and under the lien law her property is chargeable with their payment. Lien Law, § 3; chapter 418, p. 516, Laws 1897; National Wall Paper Co. v. Sire, 163 N. Y. 122, 130, 131, 57 N. E. 293; Husted v. Mathes et al., 77 N. Y. 388; Otis v. Dodd et al., 90 N. Y. 336; Gilmour v. Colcord, 96 App. Div. 358–363, 89 N. Y. Supp. 689. There is nothing in the proof to indicate that the husband was furnishing the money to erect this dwelling on his wife's premises, or that she employed him as a contractor to perform those services. They were witnesses on the trial, and gave no explanation of their relations, and it is fair to assume that he represented her because he is her husband, and, by reason of his calling, familiar with the erection of dwellings. They did not testify to any facts impugning the authority of the husband to act for the wife. The real controversy upon the trial was whether the furnace complied with the representations made as to its efficiency, and the court determined that dispute in favor of the plaintiff.

The cases relied upon by the respondent do not meet the situation. In De Klyn v. Gould, 165 N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719, the lessee was charged with the burden of making improvements, and, while the lessor knew they were being made, there was no intimation that she was to be charged therefor, and she had a right to assume that the tenant alone was responsible for them, in accordance with the terms of the agreement. In Rice v. Culver, 172 N. Y. 60, 64 N. E. 761, the lessee in possession removed, as permitted by his lease, buildings upon the property; the owner exercising no supervision over the work, and the removal not inuring to his benefit, but solely to that of the lessee. In Beck v. Catholic University, 172 N. Y. 387, 65 N. E. 204, 60 L. R. A. 315, the premises were sold under an executory contract, and the vendee caused improvements to be made, and liens therefor were filed. Upon default in payment, the vendor reacquired possession of the property, and it was held that there was no consent, within the meaning of the lien law. These and kindred cases were all disposed of upon certain contractual relations between the parties, which prevented the operation of the rule that the owner is liable if he consent to the improvement made. In the present case the only authority which the husband had was derived from the wife, and she knew and acquiesced in the improvements upon her property, and they inured to her benefit, and she is the only paymaster. It is not a controlling circumstance that the goods were charged to the husband, when it does not appear that he was acting independently of his wife, or by virtue of any agreement with her whereby he was to pay for the improvement, and no liability was to attach to her. When it is disclosed that she, and not the husband, owned the property, she ought to be charged with its improvement under the circumstances of this case.

The judgment, so far as appealed from, should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

Judgment, so far as appealed from, reversed, and a new trial ordered, with costs to appellant to abide the event. All concur, except STOVER, J., who dissents in opinion, in which McLENNAN, P. J., concurs.

STOVER, J. (dissenting). This is an action to foreclose a mechanic's lien, and this is an appeal by the plaintiff from a judgment dismissing the complaint against the defendant Mary A. Clark. The notice of lien alleged that the materials furnished were so furnished pursuant to an agreement with Albert B. Clark, contractor and husband, and with the consent and at the request of the said owner thereof, her agent and contractor (subcontractor); the defendant Mary Clark being described as owner of the real property. The complaint alleges that the materials were furnished with the consent and upon the order of the defendants, but nowhere does it allege that the defendant Albert B. Clark was a contractor with Mary Clark, and that the goods were furnished him as such contractor. The case was tried upon the theory that the defendant Albert B. Clark was the agent of the defendant Mary Clark, and that the contracts were original ones by her through her agent. The trial court found, as matter of fact, that the materials were furnished and the work performed at the request of the defendant Albert B. Clark, the husband of the defendant Mary Clark; that the defendant Albert B. Clark was not acting as the agent of the defendant Mary Clark in the purchase of the material for which the lien was filed, nor was such material furnished with the consent or at the request of Mary Clark; and the complaint was thereupon dismissed as against the defendant Mary Clark.

I think the disposition by the county judge was correct. The plaintiff had a right to file his lien, but in doing so must state the particulars. In his notice of lien he has set forth that Albert B. Clark was a contractor, and that the materials were furnished with the consent of the owner of the premises; but in his complaint he has made an entirely different allegation, and there alleges that the materials were furnished with the consent and upon the order of the defendants. The issues under such a complaint would be quite different from those which would be raised in a complaint drawn in accordance with the notice of lien filed by the plaintiff; but, whatever the issues might have been, he has seen fit to rely upon the allegation that the defendant Albert B. Clark was acting as the agent for the defendant Mary Clark. The county judge has found upon sufficient evidence that the contention of the plaintiff was wrong, and that the husband was not acting as agent for the defendant Mary Clark in making this contract, and it was not necessary to find the character in which he was acting; but it was sufficient, for the purposes of this action, to find that he was not acting in the capacity which the plaintiff alleged.

I think, therefore, that the judgment of the county court was right, and that it should be affirmed.