Judgment and order affirmed with costs.   All concur.

(120 App. Div. 179)

### KERWIN v. POST et al.

(Supreme Court, Appellate Division, First Department.   June 14, 1907.)

1. MECHANICS' LIENS—ENFORCEMENT—COMPLAINT—SUFFICIENCY OF ALLEGATIONS.

A complaint in an action to foreclose a mechanic's lien, which alleged that a party wall had been in an unsafe condition, and that defendant, although knowing of such condition, refused to contribute one-half of the expense to put it in repair, and that plaintiff thereupon repaired the wall, and filed a mechanic's lien for one-half thereof, did not state a cause of action to foreclose the lien or obtain a personal judgment; no agreement to contribute being alleged or implied from the facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Mechanics' Liens, §§ 494–513.]

2. SAME.

Under Laws 1897, p. 516, c. 418, § 3, providing that a contractor or subcontractor, laborer, or materialman who performs labor or funishes material for the improvement of real property, with the consent of the owner, shall have a lien therefor upon the real property improved, and section 22, requiring a liberal construction of the law, a complaint in an action to foreclose a mechanic's lien which had been filed, alleging that with knowledge and the consent of defendant plaintiff performed work and furnished materials for the repairing of the chimney breast and pier, and the wall of the building on defendant's premises, of a specified value, states a cause of action.

Patterson, P. J., and Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Andrew J. Kerwin, Jr., against Alfred Post and another. From a judgment dismissing the complaint, plaintiff appeals.   Reversed and remanded.

Argued before PATTERSON, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and HOUGHTON, JJ.

Charles W. Pierson, for appellant.
Philip Carpenter, for respondents.

HOUGHTON, J.   The action is brought to foreclose a mechanic's lien in place of which a bond had been given, and two separate causes of action are alleged in the complaint.   On the trial, before any evidence was taken, the entire complaint was dismissed on the ground that neither cause of action stated facts sufficient to constitute a cause of action.   In the first cause of action it is alleged that the defendant Post was the owner of premises adjoining premises owned by plaintiff, between which there was a party wall standing about one-half

on the land of each, and that, with the knowledge and consent of defendant Post, the plaintiff performed work, labor, and services, and furnished materials in improving and making safe such wall, which was in a dilapidated and ruinous condition; that the defendant Post, although knowing of such condition, refused to contribute one-half the expense of putting the same in repair; and that plaintiff thereupon incurred all of such expense and filed a mechanic's lien against defendant's premises for one-half thereof.

Eliminating the allegation that the defendant Post refused to contribute one-half the expense toward repairing the party wall, and assuming that under some state of facts a mechanic's lien could be properly filed for repairs made by one to a party wall which existed for the benefit of both owners of adjoining premises, and giving full force to the allegation that it was repaired with the consent of Post, still we think the facts alleged did not state a cause of action either to foreclose a mechanic's lien or to obtain a personal judgment against Post. The allegation is simply that there existed a party wall between the premises which was dilapidated and out of repair. The doctrine enunciated in Campbell v. Mesier, 4 Johns. Ch. 334, 8 Am. Dec. 570, upon which appellant relies, and which holds that where an old party wall exists between two houses, the owner of one might build a new house on his lot, and a new party wall, and compel the owner of the adjoining house to contribute to the expense in its entirety, in our opinion, is not now the law of this state. The decision was expressly disapproved by Denio, C. J., in Partridge v. Gilbert, 15 N. Y. 601, 69 Am. Dec. 632, who laid down the proposition that the easement of each proprietor in a party wall ceases with the existence of the state of things which created it, and that there is no right in either owner in case the other refuses to co-operate to rebuild the wall and claim contribution. To like effect was Sherred v. Cisco, 4 Sandf. 480, which was approved by him. In the latter case the party wall was destroyed by fire and rebuilt by one owner, and it was held that he could not compel contribution from the other. The principles upon which that decision was founded, as well as the reasoning of Denio, C. J., in Partridge v. Gilbert, supra, were expressly approved in Heartt v. Kruger, 121 N. Y. 386, 24 N. E. 841, 9 L. R. A. 135, 18 Am. St. Rep. 829, where it was held that after the destruction of buildings by fire no right remained in the owner of one lot to rebuild the party wall on both lots as it originally stood. To the same effect is the reasoning employed in Douglas v. Coonley, 156 N. Y. 521, 51 N. E. 283, 66 Am. St. Rep. 580, and in Schaefer v. Blumenthal, 169 N. Y. 221, 62 N. E. 175. So far as the allegations disclose, the party wall may have become in an "unsafe, dilapidated, and ruinous condition," and the buildings destroyed from some outside cause. If the condition arose from such a cause and the buildings on both lots ceased to exist for that reason, the right to the party wall ceased, and the owner of one lot could not rebuild it and compel the owner of the other lot to contribute toward the expense. We think it was incumbent upon the plaintiff to plead that such state of affairs did not exist, and to show by his allegations that a state of affairs did exist which raised an implied obligation on the part of the defendant Post to contribute

toward the restoration of the wall. The bare allegation that a party wall existed which needed repair and restoration was not enough to charge Post with liability to contribute one-half the cost. No agreement to contribute toward the repair being alleged, and, the plaintiff not alleging facts from which one could be implied, or from which liability could be inferred, the court was correct in dismissing the complaint as to the first cause of action.

With respect to the second cause of action, we think the complaint should not have been dismissed. The allegations, in substance, are that with the consent of the defendant Post the plaintiff performed work, labor, and services, and furnished materials for the repairing of the chimney breast and pier and wall of the building on defendant's premises, of a specified value. So far as is alleged, it does not appear that the chimney, pier, and wall were in or connected with the party wall. The respondents insist, however, that under the mechanics' lien law as it now exists (Laws 1897, p. 514, c. 418) no lien can be had for the improvement of real property where labor and materials are furnished for such improvement upon the mere consent of the owner of the premises. The language of the statute is (section 3):

"A contractor or sub-contractor, laborer or material man, who performs labor or furnishes materials for the improvement of real property with the consent or at the request of the owner thereof, or his agent, the contractor or sub-contractor shall have a lien. * * *"

While the terms "contractor," "subcontractor," "laborer," and "materialman" refer primarily to the man who has a formal contract with the owner, or a subcontract with the contractor, or who performs manual labor or furnishes material, they also embrace, we think, the man who buys the labor and material which enter into the improvement. The present lien law was a codification of the general lien laws of the state, and, so far as mechanics' liens are concerned, was a substantial re-enactment of chapter 342, p. 585, of the Laws of 1885. It is true that this law provided that "any person * * * who shall hereafter perform any labor or services or furnish any materials" shall be entitled to a lien, yet it does not appear that the codifiers, by the designations which they employed, intended to reduce or limit the kind of persons who should be entitled to a lien for improvements made upon real property. Under the law of 1885 a lien was properly filed against real property, the owner of which made no formal contract for the improvement, but merely consented that it be done. National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293. The liens considered in Rice v. Culver, 172 N. Y. 60, 64 N. E. 761, and in Beck v. Catholic University, 172 N. Y. 387, 65 N. E. 204, 60 L. R. A. 315, were filed under the lien law of 1897 against owners of premises who were alleged only to have consented to the improvements upon their property. These cases turned on the character of the consent, and nowhere in their discussion is it intimated that under no circumstances of consent could the lien have been filed; but, on the contrary, the whole discussion assumes that the lien could have been properly filed except for the fact that the consents did not meet the legal requirement; and in Rice v. Culver, with respect to the work

for which one lien was filed, the court says that it might have been found that the owner "knowingly suffered beneficial improvements to be made" upon his land in which case the lien would have been proper.

The section of the statute which we have quoted uses the term "with the consent" of the owner, and section 22 of the act provides that it shall be construed liberally. As we interpret the law, one who furnishes labor or material for the improvement of real property, upon the proper consent of the owner, is entitled to file a lien for such improvements, as well as one who has entered into a formal contract with the owner therefor. The consent of the owner which thus binds him is one in which the circumstances show that he assented to the improvement of his real property in the expectation that he would reap the benefit of it. From such a consent the law raises an implied promise to pay.

Invoking the fair intendments of the allegations of the second cause of action of the complaint, we think such a consent is set forth. It is alleged that the defendant Post was the owner of the premises upon which the lien was filed, and presumptively, therefore, in possession, and that with his knowledge and consent the work was performed and the material furnished for the repairing of various portions of the building thereon. If these views are correct, the trial court was in error in dismissing the complaint as to the second cause of action.

The judgment should, therefore, be modified by reversing the same as to the second cause of action and granting a new trial thereon, with costs to the appellant to abide the event.

McLAUGHLIN and LAUGHLIN, JJ., concur.

SCOTT, J. I dissent. The mechanics' lien law was never intended, in my opinion, to cover such a case as is presented by either count of the complaint. The foundation of a lien must be a debt created by contract, express or implied (Snyder Lien Law [4th Ed.] p. 4), and a merely passive attitude is not sufficient to charge an owner with liability for work done upon his property (De Klyn v. Gould, 165 N. Y. 282, 59 N. E. 95, 80 Am. St. Rep. 719).

PATTERSON, P. J., concurs.