## MILLER v. LONCAO.

(Supreme Court, Special Term, Kings County.   November 19, 1910.)

1. PRINCIPAL AND AGENT (§ 23*)—AGENCY—EVIDENCE.

Defendant, being engaged to marry F., purchased a house in August, 1907, gave her the key, and she contracted with plaintiff to paint and decorate the same.  *Held* to warrant a finding that she was authorized by defendant to make the contract.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. § 41; Dec. Dig. § 23.*]

2. CONTRACTS (§ 303*)—BREACH—DEFENSES.

Plaintiff, having contracted to paint and decorate a house with paper worth $1 a roll, was subsequently discharged because defendant's fiancée found a special shade of paper for one room which the dealer would not sell plaintiff, and which was worth $2.50 a roll.  *Held*, that such fact furnished no reason or excuse for defendant's breach of contract, and rendered him liable for plaintiff's damages sustained thereby.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 303.*]

3. EVIDENCE (§ 377*)—TIME SHEET—PROOF.

Where, in an action for breach of a decorating contract, plaintiff's foreman superintended the job and knew the time of his men, and he identified the time sheets handed him by each workman engaged on the work, and each sheet, after being approved by him as foreman, formed the basis of plaintiff's regular pay roll, the foreman's testimony that the sheets showed the correct time of the artisans working on the job authorized their admission in evidence, without being identified and proved by the artisans themselves.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1647; Dec. Dig. § 377.*]

4. DAMAGES (§ 40*)—BREACH OF CONTRACT—SUBJECT-MATTER—PROFITS.

In an action for breach of a decorating contract, a contractor was not limited to a recovery of payments made by him, but was entitled to recover in addition a profit on both the work and materials he used and would have used, had he been permitted to complete the job.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 72–88; Dec. Dig. § 40.*]

Action by Charles J. Miller against Ignazio B. Loncao.   Judgment for plaintiff.

Louis La France (Henry P. Burr, of counsel), for plaintiff.
Rosario Maggio, for defendant.

PUTNAM, J.   This is a proceeding to enforce a mechanic's lien for $238.70 upon defendant's dwelling house property at 706 Bushwick avenue, Brooklyn.   Defendant purchased this house in August, 1907, and soon thereafter gave the key thereof to Miss Flamann, to whom he was then engaged to be married.   Miss Flamann entered into a contract with plaintiff to paint and decorate their future residence.   Plaintiff began work about October 16, 1907, and continued upon the premises until November 6th, when he discontinued work at the written request of Miss Flamann.   Her reason for dismissing him was because she had found a special shade of wall paper for one room

which the dealer would not sell to the plaintiff; and she thereupon wrote plaintiff:

"The decorator refuses to let me have the paper I desire, unless he does the work. Now there is nothing for me to do but to ask you to discontinue the work."

The estimate from plaintiff, which had been accepted, did not specify the shade of paper, but stipulated generally for paper at $1 a roll. The paper thus obtained from the other decorator cost $2.50 a roll.

While there is conflicting testimony as to the defendant's presence in his house during the three weeks while the work was going forward, the fact that defendant had intrusted Miss Flamann with his key and that they were arranging for the wedding in December furnishes strong evidence of her agency and that defendant consented to these improvements. Schummer v. Clark, 107 App. Div. 207, 95 N. Y. Supp. 836. Furthermore, his subsequent conduct, as well as his letter to defendant, amounts to a ratification.

The plaintiff's dismissal was not justified, inasmuch as he had violated none of the terms of his employment. Being thus prevented without legal cause from completing the contract, plaintiff's claim is for days' wages and material used up to the time of this breach. The plaintiff's foreman superintended the job, and so knew the time of his men. He identified the time sheets handed in by each workman engaged on this work. According to the course of business these time sheets had first to be approved by him as foreman, when they formed the basis for plaintiff's regular pay rolls. The witness Boller, therefore, united the positions of superintendent and of timekeeper, so that he could testify to the correctness of the working hours noted thereon by the painters and plasterers. Such testimony, without calling the men, made the time sheets admissible. Collins v. Carlin, 106 App. Div. 204, 94 N. Y. Supp. 317; Wigmore on Evidence, § 1555.

The times charged from these sheets aggregated 276 hours; but an error of 4 hours appears as to Riggs' plastering on October 18th, and as to Mr. Boller on October 29th, for 3 hours when he was away from the job. The corrected time is—

| | |
|---|---|
| 269 hours, or 33⅝ days, which at $5 a day, the rate testified to by plaintiff, is.......................................................... | $168 12 |
| Extra work plastering the hall.............................................. | 15 00 |
| Value of materials, about which there is some dispute, is found to be | 35 00 |
| Total .............................................................. | $218 12 |

—with interest from November 6, 1907, to date of decree.

The above findings are made after consideration of the testimony of defendant's expert, Ochs, as well as the fact that the rate of $5 a day included a profit to the plaintiff. After the walls have been made ready for papering, they do not show all the processes gone through by the contractor. An outside decorator, called in at that juncture (whose attention is mainly directed to giving an estimate for the cost of going on and completing the work), cannot figure the previous work of preparation merely from the result shown, without knowing the prior state of the walls. Naturally, his interest is to minimize the work of the contractor that he is to succeed. Hence, his off-hand estimate of

what he judges had been done cannot overcome the detailed proof testified to by those who did the work.

After such a breach, compensation goes beyond the sum of the out-of-pocket payments for wages and materials. He rightfully figures on a profit on the paper to be selected, which in this case was lost by his dismissal. These considerations justify the margin charged on wages over the amount actually paid the men.

A decree for the above amount, with interest and costs, will therefore be entered.