(152 App. Div. 638.)

PIERCE v. KINNEY et al.

(Supreme Court, Appellate Division, Third Department. September 11, 1912.)

1. JUDGMENT (§ 540*)—CONCLUSIVENESS.

A judgment by a court of competent jurisdiction, unreversed, is conclusive as between the same parties and those claiming under them on the issues tried in the action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1079; Dec. Dig. § 540.*]

2. JUDGMENT (§ 590*)—CONCLUSIVENESS—ISSUES.

Where, in a suit to foreclose a mechanic's lien against husband and wife, and for personal judgment against the husband, the complaint was held insufficient to confer jurisdiction on the court to foreclose the lien, whereupon it was dismissed as to the wife and personal judgment rendered in the action against the husband only, such judgment was not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

conclusive against the plaintiff's right to foreclose the lien in a new action.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1084, 1085, 1102–1106; Dec. Dig. § 590.*]

3. MECHANICS' LIENS (§ 75*)—OWNER OF PROPERTY—PERSONAL LIABILITY.

It is not necessary that the owner of the fee of property improved by plaintiff's labor and materials be personally liable for the indebtedness, in order to entitle plaintiff to a lien on the property, or to maintain an action for foreclosure thereof; but it is sufficient if the labor was performed and the materials furnished with the knowledge and consent of the fee owner.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 103–107; Dec. Dig. § 75.*]

4. JUDGMENT (§ 614*)—ANOTHER SUIT PENDING—EFFECT.

An uncollected judgment against a husband on a debt for materials furnished and labor performed in the improvement of the wife's real estate is no bar to an action by the contractor to foreclose a mechanics' lien; the remedies being cumulative.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1126–1129; Dec. Dig. § 614.*]

Appeal from Otsego County Court.

Action by William H. Pierce against Hugh G. Kinney and another, impleaded with Jane E. Benedict. From a judgment dismissing the complaint on the merits, with costs (75 Misc. Rep. 328, 135 N. Y. Supp. 537), plaintiff appeals. Reversed.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, BETTS, and LYON, JJ.

J. F. Thompson, of Oneonta, for appellant.
B. W. Hoye, of Oneonta, for respondents.

LYON, J. The plaintiff, who is a builder, filed in the clerk's office of Otsego county, June 30, 1910, a notice of lien against premises situated in the city of Oneonta, of which Claudine L. Knapp was the owner in fee, on account of labor and materials furnished by him in remodeling a building situated upon the premises. In the month of August, 1910, the plaintiff commenced an action in the City Court of Oneonta, which was a court not of record, against said Claudine L. Knapp and Lyman J. Knapp, her husband, for the foreclosure of said lien. The complaint in the action alleged that the contract for such labor and materials was made by the plaintiff with said Lyman J. Knapp, and that such labor and materials were furnished pursuant thereto and at the request of Lyman J. Knapp, with the consent and knowledge of Claudine L. Knapp. The complaint omitted to state the name or residence of the lienor, and the time when the first and last items of work were performed and materials furnished. It demanded judgment for the foreclosure of the lien, and also for deficiency, but against Lyman J. Knapp only. Upon the trial of the action, the City Court awarded judgment for the foreclosure of the lien, the payment out of the proceeds of the sale of the amount of the indebtedness with costs, and the payment by the defendants of any deficiency. Upon appeal the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

County Court reversed the judgment of the City Court and directed a new trial in the City Court, holding that by reason of the omission above noted the complaint did not set forth substantially the facts contained in the notice of lien, and hence did not state facts sufficient to give the City Court jurisdiction to enforce a mechanic's lien, and that the City Court did not have authority to allow an amendment of the complaint. Upon a retrial of the action in the City Court, the plaintiff introduced the evidence received upon the former trial, and offered in evidence the notice of lien, stating, however, that it was offered, not for the purpose of obtaining a judgment to enforce a mechanic's lien, but for the purpose only of obtaining a personal judgment against Lyman J. Knapp. The complaint not alleging the existence of a contract between the plaintiff and the owner, or any liability on her part to the plaintiff, judgment against her would not have been warranted. Kane v. Hutkoff, 81 App. Div. 105, 81 N. Y. Supp. 85. The City Court held that under the decision of the County Court the complaint was not sufficient to authorize the City Court to grant a judgment enforcing the lien, and granted a judgment against Lyman J. Knapp for the amount of the indebtedness, with costs. Lien Law (Consol. Laws 1909, c. 33) § 54. An execution issued upon said judgment was returned unsatisfied, and the judgment remains unpaid. An appeal was taken to the County Court, and is now pending. In December, 1910, Claudine L. Knapp conveyed the premises to the defendants Kinney.

Early in June, 1911, this action was brought in the County Court of Otsego county for the foreclosure of said lien. The defense pleaded the two trials, the judgment, and the proceedings, above stated, in the City and County Courts as a defense and bar to the action. Upon the trial the County Court dismissed the complaint upon the merits, upon the ground that the judgment upon the second trial in the City Court was a bar to the maintenance of this action, and also constituted an adjudication that Claudine L. Knapp was not personally liable for the payment of the indebtedness which was the foundation of the lien; and hence that this action for the foreclosure of the lien could not be maintained. From the judgment entered upon the decision of the County Court, this appeal has been taken.

[1, 2] We cannot agree with the learned county judge in his conclusions. While no authorities need be cited to sustain the proposition that a former judgment, unreversed, of a court of competent jurisdiction is conclusive as between the same parties and those claiming under them upon the issues tried in the action, yet the principle is not applicable here. The City Court, upon the second trial, not only did not adjudicate upon the matters at issue in this action, but expressly held, as recited in the City Court judgment, that under the decision of the County Court the City Court had not the authority to try the same; hence the City Court judgment is not a bar to this action. Koeppel v. Macbeth, 97 App. Div. 299, 89 N. Y. Supp. 969. The City Court simply granted judgment

against Lyman J. Knapp, against whom only the complaint demanded a money judgment, and did not in any way adjudicate as to the personal liability of Claudine L. Knapp, or as to the plaintiff's right to enforce his lien against her property. While, upon the second trial, the plaintiff introduced in evidence, under stipulation of the respective attorneys, the testimony received upon the first trial, he did not do so for the purpose of enforcing the lien. He also offered in evidence the notice of lien, stating that it was not for the purpose of enforcing the lien, but as necessary to entitle the plaintiff to a personal judgment against Lyman J. Knapp, as he conceived to be necessary under the holding in the case of Castelli v. Trahan, 77 App. Div. 472, 78 N. Y. Supp. 950. The City Court not having had jurisdiction under the allegations of the complaint to enforce the lien, the judgment cannot be a bar to the maintenance of this action.

[3] It is not necessary that the owner of the fee be personally liable for the indebtedness to give validity to the lien, or to any action for the foreclosure thereof. It is sufficient if the labor was performed and the materials furnished with the knowledge and consent of the owner of the fee. Section 3, Lien Law; Kerwin v. Post, 120 App. Div. 179, 104 N. Y. Supp. 1005; Schummer v. Clark, 107 App. Div. 207, 95 N. Y. Supp. 836; National Wall Paper Co. v. Sire, 163 N. Y. 122, 57 N. E. 293; Rice v. Culver, 172 N. Y. 60, 64 N. E. 761.

[4] The recovery of the judgment upon the indebtedness which remains uncollected is no bar to this action for the foreclosure of the lien. The remedy is cumulative. Raven v. Smith, 71 Hun, 197, 24 N. Y. Supp. 601; Smith v. Fleischman, 23 App. Div. 355, 48 N. Y. Supp. 234.

We conclude, therefore, that the judgment of the County Court should be reversed, with costs to the appellant to abide the event. All concur.