JOHN L. SULLIVAN, Plaintiff, *v.* O'DEA REALTY CORPORATION and Another, Defendants.

Supreme Court, Chemung County, October 18, 1934.

*John E. Sullivan* [*Mortimer L. Sullivan* of counsel], for the plaintiff.

*Danaher & O'Dea* [*Cornelius O'Dea* of counsel], for the defendants.

SENN, Official Referee. About July 1, 1932, the plaintiff and Lawrence O'Dea had some conversation in regard to opening a road stand on the Lowman road, so called, leading out of Elmira. It was to be built on a long strip of land owned by the O'Dea Realty Corporation along the highway. In a general way, the strip was along the former bed of an abandoned canal and so lay below the level of the road. For that reason a considerable amount of filling would have to be done before the building site would be available for a road stand. Lawrence O'Dea was one of the stockholders of the O'Dea Realty Corporation, all of whose stock was held equally by four members of one family, Francis O'Dea (called Frank) being president, William O'Dea, secretary, and Mae O'Dea, treasurer.

The conversation between the plaintiff and Lawrence was to a certain extent indefinite, but it was to the effect that after the filling and leveling had been done and the stand was ready, they were to operate it together. Lawrence O'Dea's version of the conversation does not vary materially from plaintiff's with this exception: Plain-

tiff claims that he was to have a salary of forty dollars or forty-five dollars a week and the remaining profits divided equally between him and Lawrence. Lawrence denied that there was anything said in regard to salary until about May 20, 1933, when the business had been in operation a few days.

It does not appear from the evidence whether, in the conversation mentioned, Lawrence spoke for himself only or for the corporation or for both. Lawrence, at any rate, acted with the knowledge and approval of Francis and William O'Dea. Francis furnished out of his personal funds the necessary money and William furnished the material for filling. Neither the plaintiff nor Lawrence O'Dea had any money or means to carry on the work, their labor excepted and a truck or trucks furnished a part of the time by plaintiff. Such items as gasoline, oil, men to operate the trucks, and repairs were paid for by the O'Deas.

The work of filling and grading was started about July 10, 1932, and carried on for the balance of the year and the stand was ready for occupancy in May, 1933.

Plaintiff and Lawrence worked on the job of filling, leveling, etc., during the time of the progress of the work, neither keeping any account of time spent, evidently expecting to reap the benefit of their labor in the profits of the proposed road stand. Plaintiff also contributed the use of his own truck for a time and two trucks owned by one Perry Sayre, with whom he had dealings and who allowed plaintiff to use them for a while.

During the few days that the road stand was operated, it is evident that Lawrence O'Dea had in mind the interests of the O'Dea Realty Corporation at least as much as his own. When it was found that plaintiff and Lawrence could not agree as to terms of operating the business, plaintiff demanded that he be paid for the work he had done. Lawrence did not comply with this demand, saying that he could not and plaintiff then left and abandoned the enterprise as far as he was concerned. At the time of the trial the defendant owned the road stand and the land on which it stood and the road stand was being operated by some one. There never was any deed or lease, written or oral, from the O'Dea Realty Corporation or from any one to the plaintiff and Lawrence O'Dea or either of them, and no agreement, express or implied, to give any conveyance or lease.

Although it is highly probable that Lawrence O'Dea must have had some kind of understanding with the defendant corporation before embarking on the enterprise, it does not appear what that understanding was. In view of all the circumstances, I cannot say that there was any such contractual relation between the

defendant and the plaintiff as would entitle him to a money judgment against it.

However, I am of the opinion that he performed labor for the improvement of defendants' real property with its consent and is entitled to a lien on that property pursuant to section 3 of the Lien Law.

" It is not necessary that the owner of the fee be personally liable for the indebtedness to give validity to the lien. * * * It is sufficient if the labor was performed * * * with the knowledge and consent of the owner of the fee." ·(*Pearce* v. *Kenney*, 152 App. Div. 638, 641, citing among other cases, *National Wall Paper Co.* v. *Sire*, 163 N. Y. 122.)

" The underlying principle of all legislation of this character is that a person who, at the request or with the consent of the owner of real property, enhances its value by * * * performing labor for the improvement thereof, should be deemed to have acquired an interest in such property to the extent of the value of such * * * labor." (*Schaghticoke Powder Co.* v. *G. & J. Railway Co.*, 183 N. Y. 306.)

It is true that the owner's interest in real property is not liable in every case in which to his knowledge labor and materials are furnished for improvements on his real property and that mere acquiescence, with knowledge, is not sufficient evidence of the consent which the statute requires. The consent must be more than neutral. It must be affirmative. " It should not be implied contrary to the obvious truth, unless upon equitable principles the owner should be estopped from asserting the truth." (*De Klyn* v. *Gould*, 165 N. Y. 282, 287; *Brigham* v. *Duany*, 241 id. 435, 440.)

I believe that the facts of this case differ in important respects from those in *De Klyn* v. *Gould* (*supra*) and fall more nearly within the doctrine of *Pearce* v. *Kenney* (*supra*) and cases therein cited. The defendant is a one family corporation. Three of its four stockholders, including its president and secretary, participated in making the improvement in which plaintiff was engaged. While the corporation did not, as such, contract with the plaintiff, it suffered and encouraged him to go on under his more or less dubious understanding with Lawrence O'Dea and perform labor which enhanced the value of its real property. In that way I believe he has acquired an interest in that property to the extent of the value of his labor.

The plaintiff, anticipating a position or partnership in the restaurant to be opened, did not intend to charge for his work and so kept no account of it. His charges in this action are made up from memory and estimates. Lawrence O'Dea, who, aside from the plaintiff, was perhaps in the best position of any one to know what

work was done by plaintiff, likewise kept no account. His testimony tended to greatly minimize the claims put forth by plaintiff. The testimony leaves me in doubt as to how much plaintiff may be entitled to. Testimony based on memory of past transactions involving details is always unsatisfactory.

Checking up plaintiff's specifications in the light of the evidence, I find as follows:

| | | |
|---|---:|---:|
| Use of five-ton truck for which $150 is claimed reduced to $25 on the ground that the value of its use was practically nullified on account of its having pneumatic tires | $25 | 00 |
| One hundred and twenty-one days work grading and filling, claimed $460 allowed at eight hours per day for one hundred days and thirty-five cents per hour | 280 | 00 |
| Cleaning, varnishing, setting up tables and benches, grading cinders in spring of 1933 and all work of that character, claimed $164.50, allowed | 100 | 00 |
| Use of Perry Sayre's trucks, claimed $460, allowed $200 | 200 | 00 |
| Total | $605 | 00 |

Although the amount allowed is a drastic reduction of the amount claimed, I do not consider or find that the plaintiff willfully exaggerated the amount due him. It was too much a matter of opinion and estimate to fall within the condemnation of section 39 of the Lien Law.

The lien is, therefore, allowed at $605, with costs. No money judgment allowed.

Submit findings accordingly.