Order, Supreme Court, New York County (Milton A. Tingling, J.), entered July 3, 2012, which granted defendant Margaret Whelan’s motion for summary judgment dismissing the complaint and denied plaintiff 145 West 10 Realty LLC’s discovery-related cross motion, unanimously reversed, on the law, without costs, defendant’s motion for summary judgment dismissing the complaint denied, and plaintiffs motion granted to the extent of directing both parties to make their premises available for inspection by their retained experts and to continue depositions of the parties and their respective experts.
*462 “A common definition of a party wall is a division wall between two adjacent properties belonging to different persons and used for the mutual benefit of both parties, but it is not necessary that the wall should stand partly upon each of the adjoining lots; it may stand wholly upon one lot” (Soma Realty Co. v Romeo, 31 Misc 2d 20, 22 [Sup Ct, Onondaga County 1961]). “[T]he only restriction upon its use by either is that [the] use shall not be detrimental to the other” (Negus v Becker, 143 NY 303, 308 [1894]). It is well settled that “if one of the owners carries the wall several stories higher, the other party has no right to complain . . . and the latter has an equal right to use the addition” (Wechsler v Elbeco Realty Corp., 119 Misc 178, 180 [Sup Ct, NY County 1922], affd 213 App Div 820 [1st Dept 1925]). However, neither party has a right to do anything on top of the party wall “which would exclude the other party from its equal use” (id. at 181). Further, it is permissible for an adjoining property owner to make commercial use of a party wall so long as it does not weaken or encroach on the other party (Lei Chen Fan v New York SMSA Ltd. Partnership, 94 AD3d 620, 621 [1st Dept 2012]).
Defendant is the fee owner of a three-story building located at 149 W. 10th Street in Manhattan. To the east of defendant’s building sits 145-147 West 10th Street, a six-story brick apartment building owned by plaintiff. The parties each own half of a party wall between the premises. Further, there is a brick wall that has been constructed adjacent to the party wall on the westernmost point of the property (the western wall). Defendant undertook substantial renovations to her building, which included having a roof deck installed. One side of each support beam for the deck was drilled and placed into the western wall.
Defendant maintains that the wall in question is an addition to an extension of the original party wall that stands between the properties and that she has an easement in it. Plaintiff counters that the western wall on its property is independent of the old party wall. Thus, plaintiff maintains that defendant has no easement in it.
At issue, is the use of a wall between the subject premises, and whether, in fact, it is a party wall. Here, there is no evidence in the record that would permit resolution of the issue of whether the western wall is part of the party wall. Thus, there is a question of fact warranting the denial of defendant’s motion for summary judgment dismissing the complaint.
Moreover, the record is undeveloped as to the extent of damage, if any, to plaintiffs building as a result of plaintiffs renovation. Accordingly, plaintiffs cross motion is granted to the extent *463 of directing that discovery continue. Both parties must make their premises available for inspection by their retained experts. The deposition of plaintiff should continue, defendant should be deposed, and any experts retained by the parties should be deposed.
We have considered the remaining arguments and find them unavailing. Concur — Friedman, J.P., Acosta, Moskowitz, Manzanet-Daniels and Clark, JJ.