O. O. CARPENTER, Appellant, v. K. D. KRUIDENIER et al., Appellees.

PARTY WALLS: Trespassing I-Beams. A party-wall owner who asks
1   for and obtains a mandatory injunction commanding the adjoining

owner to remove his I-beams in so far as they extend beyond the center of the wall, may not complain that the offending party was given the right *to go upon the premises of the injured party* and perform the acts reasonably necessary to effect such removal.

**PARTY WALLS: Maintenance of Window Openings.** A property 2 owner may not enjoin the maintenance of window openings in that part of a party wall which he is not using.

**PARTY WALLS: Paying Appraised Value.** A property owner who proceeds to use a line wall as one in common must pay the adjoining property owner who constructed the wall one half of the appraised value at the time of making use of the wall.

*Appeal from Polk District Court.*—LAWRENCE DE GRAFF, Judge.

## MARCH 14, 1922.

ACTION to recover one half of the value of a party wall, and for a mandatory injunction respecting the use of the same. Plaintiff appeals from the decree entered. The facts appear in the opinion.—*Affirmed.*

*John McLennan,* for appellant.

*Bump & Stevens,* for appellees.

FAVILLE, J.—Locust Street in the city of Des Moines runs east and west. The appellant owns Lot 4 in a certain block on the south side of said street. Appellees own the adjacent property lying to the east, being Lot 3. The said lots have a depth of 168 feet.

Some time in 1917, the appellant erected a building on a portion of said Lot 4. Said building fronted on Locust Street, and was 51 feet in width, and extended 122 feet and 8 inches southward.

In the year 1919, the appellees erected a building on their lot, which had a frontage of 100 feet, and extended the entire length of said lot, to wit, 168 feet. This building was higher than the existing building of the appellant, and in constructing the same, the appellees raised the wall on the east side of the appellant's building some distance, and extended the wall of their own building 45 feet and a fraction south of the rear

end of appellant's building. In this portion of the wall, the appellees left openings for windows.

The original wall erected by the appellant in the construction of his building, and the additional wall erected by the appellees, taken together, constitute a party wall.

In the erection of the appellees' building, steel I-beams were used, the ends of which were placed upon pilasters erected by the appellees in the party wall, which carry the weight of the I-beams; but the ends of three of the said I-beams extend past the center of the said party wall in varying distances of from one and one-eighth inches to three inches.

Suit was brought to recover the value of half of appellant's said wall; to restrain the appellees from maintaining said I-beams upon appellant's half of said wall; to require the closing of openings in the portion of said wall extending south of appellant's wall; and to recover for a three-inch strip of ground belonging to appellant, upon which said wall rests, in part.

Upon trial, the court originally entered a decree awarding to appellant one half of the appraised value of said wall, in the sum of $1,237.50, with interest thereon from July 1, 1919, to the date of the appraisement, to wit, December 20, 1919, and one half of the appraisement fees, making a total of $1,289. Said decree provided that the appellant or his grantees or assigns shall be entitled to use the extension wall constructed by appellees, as a party wall, upon the payment, at the time he desires to use said wall, of one half of its appraised value; and that, in such event, the appellees shall close and brick up, at the expense of the appellees or their assigns, the openings in said wall.

By supplemental decrees, it was provided that the appellees be required to remove, at their own cost and expense, the ends of the three beams in question from the appellant's one half of said party wall, and that, in so doing, they are authorized and permitted to make sufficient openings in said party wall for the purpose of cutting off said beams, and are required to replace said walls in the same condition as before such openings were made.

I. The appellant's first contention is that the lower court committed a grievous error in the decree of mandatory injunc-

tion respecting the removal of the ends of the three I-beams that extend beyond the center of the party wall.

**1. PARTY WALLS: trespassing I-beams.** Appellant employed experts, and made diligent search and investigation of the situation, and discovered that three of the I-beams placed in the party wall by appellees actually extend from one to three inches beyond the center line of said wall.

The court recognized the appellant's right to have the ends of the offending I-beams removed. It mattered not that the party wall bore little, if any, of the weight of said I-beams, and that pilasters had been especially constructed on appellees' own premises, to support the same. Nor did it matter that the ends of said beams were wholly concealed from view, within the hidden recesses of the party wall. The solemn fact remained that the offending beams thrust their insensate forms a whole inch, and perhaps a fraction more, athwart the center line of that party wall. This constituted an unwarranted trespass upon appellant's unalienable property rights. The court granted the relief sought. It recognized and upheld the ancient maxim *"cujus est solum ejus est usque ad coelum et ad inferos."*

But appellant contends that the trial court erred, to appellant's great injury, in providing for the removal of the ends of the beams.

The decree provided that the appellees could remove the part of the party wall that exists over the ends of the beams, for the purpose of cutting off that portion thereof which protrudes beyond the center of the party wall, and that the party wall should then be replaced in its former condition by the appellees, at their own expense. This was more than appellant could endure,—hence this appeal.

A mandatory injunction is one of the most extraordinary remedies recognized by a court of equity. The granting of such a writ is a matter resting largely in the discretion of the chancellor. It is resorted to for the purpose of effectuating full and complete justice. It was within the discretion of the trial court to withhold the granting of a mandatory injunction entirely, under circumstances such as are disclosed in the instant case. It is not every continuing trespass that, of necessity, is the basis for the issuance of a writ of mandatory injunction. It is within

the power of a court of equity to order such writ to issue upon such reasonable terms and conditions as can afford compliance with said writ. It would be an absurdity for a court to issue a writ requiring a party to remove some obstruction from the premises of another, and at the same time prohibit such party from doing the ordinary, usual, and necessary things required to effectuate such removal. In the very common instance of a line fence between two adjoining properties which may be found to have been placed upon the lands of a complaining owner, it would be little less than an absurdity for a court to issue a mandatory injunction requiring the removal of such fence, and at the same time prohibit a defendant from going upon the premises where the fence was located, for the purpose of removing it.

There is no claim in the instant case that the I-beams were placed where the ends extended a trifle past the center of the party wall with any willful, malicious, or unlawful purpose on the part of the appellees, or even knowingly or negligently. The wall is a party wall, and is used in common by these adjacent landowners. The appellant insists that the ends of the I-beams shall be removed from his premises, and at the same time, that the appellees shall not be allowed to do what is obviously the usual, reasonable, and necessary thing to effectuate such removal.

The decrees of a court of equity should be used to effectuate justice, and not as an instrumentality for oppression. The recognition and enforcement of strictly legal rights should always be coupled with a regard for that very wholesome and valuable thing, good common sense. The decree in the instant case, in respect to this matter, was fair, just, and right, and meets with our unqualified approval.

II. Appellant contends that he was entitled to a mandatory injunction commanding the appellees to forthwith close the openings in the extended portion of the party wall con-

2. PARTY WALLS: maintenance of window openings.

structed south of the appellant's wall.

It is to be observed that this portion of the wall was constructed wholly by the appellees, and is in no way used by the appellant as a party wall. The decree expressly provides that, in the event that the appellant or his grantees or assigns shall desire to use said wall as a party wall,

they shall, upon proper demand, have said right, and that thereupon the appellees or their grantors or assigns shall proceed forthwith, at their own expense, to brick up and close the said openings now existing in said wall, so that the same may be in all respects used as a party wall.

The situation in the instant case comes squarely under the provisions of Section 2996 of the Code, which provides in part as follows:

"And if any wall is erected which, under the provisions of this chapter, becomes, or may become, at the option of another, a wall in common, such person shall not be compelled to contribute to the expense of closing any openings therein, but this shall be done at the expense of the owner of such wall."

The appellant is not using this portion of the wall as a party wall, and has not paid one half of the value thereof, and may never do so. He is not at this time entitled to a mandatory injunction requiring the appellees to close the openings in this wall which he may never seek to use as a party wall. The decree fully protected any rights which the appellant may ever acquire in this portion of the wall.

III.    Appellant contends that the court erred in not allowing the appellant interest upon the one half of the appraised value of the party wall from July 1, 1919.

3. PARTY WALLS: paying appraised value.   It appears from the record that three appraisers were appointed, by agreement, to appraise the value of said wall of the appellant's building, and that said appraisement was made on December 20, 1919.

The appellees delivered a check to the appellant for the one half of the appraised value, together with interest from the 1st day of July, 1919, which, we take it, was the date of the completion of the building by the appellees. The appellees tendered payment on December 30th, by check, which, by reason of an indorsement that the same was in full settlement of all claims, the appellant refused to accept.

The decree provides that the appellees shall pay the sum of $1,289, which was one half of the appraised value with interest thereon at 6 per cent to December 20, 1919, and one half of the fees of the appraisers, and provided that, in default of pay-

ment by the appellees, appellant should have judgment for said amount.

Appellees did not pay said amount. The presentation of the check referred to did not constitute such payment.

Section 2995 of the Code provides that the person using a party wall shall pay to the party who erected it "one half of its appraised value at the time of using." Code Section 3038 provides that the rate of interest shall be six cents on the one hundred by the year on money "after the same becomes due."

Under these statutes, there "became due" from the appellees to the appellant the sum of $1,237.50, as one half of the appraised value of said wall "at the time of using." This time was July 1, 1919. The amount "became due" on said date, and would draw interest at 6 per cent from said date to the date of payment.

It appears that the appellant has paid the appraisers' fee, and is entitled to recover from appellees $12.50 therefor, which should also bear interest at 6 per cent from December 20, 1919.

As we construe it, this is practically the effect of the decree as entered, conditionally awarding judgment to the appellant; but, in order that no further question may arise in regard to the matter, the appellees will be discharged from all liability to appellant by the payment of the amounts above indicated.

IV. It is the contention of the appellant that he was entitled to judgment for the value of a strip of ground about three inches wide, extending the entire length of the wall.

There is evidence tending to show that the wall in question is not built exactly upon the division line between the lots of the parties. It appears that a careful and accurate survey discloses that appellant's lot is about three eighths of an inch wider than the plat called for, and that the wall of appellant's building deviates from a straight line, so that the wall as constructed rests more than one half thereof on appellant's land to the extent of what would be the equivalent of a strip three inches wide and 122.25 feet long. Appellant contends that he should have been awarded the value of this tract of ground.

We fail to find in the record any evidence whatever of the value of this tract of ground, or any sufficient evidence from which it can be ascertained. Furthermore, under the provisions

of Section 3000 of the Code, it is doubtful if the appellant could recover for said strip, in any event. There was no error here.

The decree of the lower court was correct, and it is—
*Affirmed.*

Stevens, C. J., Evans and Arthur, JJ., concur.

De Graff, J., takes no part.