American Railway Express Company, Appellant, *v.* Lassen Realty Company, a Corporation, and Others, Respondents.

First Department, April 6, 1923.

Party walls — action by one owner of party wall to restrain other from inserting beams beyond property line — neither owner has right to build extension for his own purposes — either owner may extend beams beyond property line — complaint insufficient — defendant had right to extend party wall.

Neither owner of a party wall has the right to build an extension on the top thereof, even on his own side of the property line, for his own purposes only.

Either owner may extend beams into the party wall beyond the property line, provided such use is not detrimental to the other owner and will not weaken the wall or cause actual injury to the building of the other owner, and so the complaint in this action to restrain the defendant from extending beams

beyond the property line is insufficient, inasmuch as there are no allegations that the proposed operations will weaken the wall or cause actual injury to the plaintiff's building.

The defendant has the right to extend the existing party wall to an additional height of two and one-half feet.

APPEAL by the plaintiff, American Railway Express Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of September, 1922, granting defendants' motion for judgment dismissing the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, and also from the judgment in favor of the defendants, entered in said clerk's office on the 28th day of September, 1922, pursuant to said order.

*Edward V. Conwell,* for the appellant.

*Masten & Nichols* [*Winthrop A. Wilson* of counsel], for the respondents.

Judgment and order affirmed, with costs, upon the opinion of MARSH, J., at Special Term.

Present — DOWLING, SMITH, MERRELL, FINCH and McAVOY, JJ.

The following is the opinion of the Special Term handed down upon the motion to dismiss the original complaint:

MARSH, J.:

This is a motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The motion must, of course, be determined on the complaint alone. It appears that the parties are owners of adjoining buildings, which were erected many years ago. Prior to 1906 each was a four-story building, and the wall between them was a party wall. In that year the plaintiff's predecessor built next to the party wall on its own side a " new " or " additional " wall, which it carried up nineteen feet six inches above the top of the old wall, for the purpose of adding another story, and the upper part of this new wall was so constructed that it projected over the old wall to a point two inches beyond the property line. The defendant Lassen Realty Company proposes to extend its building upward, to a point somewhat higher than the present top of the plaintiff's building, and for this purpose not only to add two and one-half feet more on top of the " new wall " mentioned above, but to project its beams some four or six inches into the said " new wall." This, of course, will place the beam-ends two to four inches on plaintiff's side of the property line. The plaintiff contends that the projection of the beam-ends beyond the property line will constitute a trespass, and brings this action for a permanent injunc-

tion. The complaint fails to state clearly that the location of the property line is identical with the center line of the original party wall, but the court understands that counsel have conceded that it may be so interpreted for the purpose of this motion, though for that purpose only. It is also understood to be conceded that the upper portion of the new wall which projects two inches beyond the property line, as above stated, rests upon and is supported by the old wall. There still remains another obscurity in the complaint, which nowhere clearly states whether the upper portion of the " new wall " is or is not a party wall. But whichever interpretation is put upon the pleading in this respect, in my opinion, the same result will follow. If the upper portion of the new wall which rests upon the old wall is not open to the use of the defendant as a party wall, it ought not to be where it is. Neither owner has a right to build on top of a party wall, even on his own side of the property line, an extension for his own purposes only. (*Herrman* v. *Hartwood Holding Company, Inc.*, 193 App. Div. 115.) The two-inch projection beyond the property line would in that event, moreover, amount to a plain trespass. The plaintiff is, therefore, either estopped from denying that the new wall is a party wall or lacks all right to an injunction by reason of being a wrongdoer. The plaintiff contends, however, that even if the new wall is a party wall, the defendant can support beams only in that part of it which lies on the defendant's side of the property line. No authorities are cited for this view, except an Iowa decision. (*Carpenter* v. *Kruidenier*, 193 Ia. 390; 187 N. W. Rep. 1.) The Appellate Division in the Third Department has expressed a contrary opinion (*Pearsall* v. *Westcott*, 30 App. Div. 99), and even though the utterance may not have been strictly necessary to a decision of the case then under consideration, it was put forth without hestitation. The Court of Appeals has broadly declared the law in the following terms: "A party wall is for the mutual convenience and benefit of adjoining property owners and the only restriction upon its use by either is that that use shall not be detrimental to the other." (*Negus* v. *Becker*, 143 N. Y. 303, 308.) This complaint is bare of allegations that the proposed operations of the defendant will weaken the wall or cause actual injury to the plaintiff's building, nor is it charged that the method of construction has not been adopted in good faith, or that it is not reasonably necessary to meet the defendant's requirements. If the plaintiff's view of the law were sound, it is difficult to see how an owner could use a party wall which happened to stand entirely on the property of his neighbor, as it sometimes may. (*Rogers* v. *Sinsheimer*, 50 N. Y. 646.) The existing wall being a party wall, the proposed addition of two and one-half feet to the

height is permissible. (*Brooks* v. *Curtis*, 50 N. Y. 639.) It follows that the complaint must be dismissed, with costs.

The following memorandum was handed down upon the motion to dismiss the amended complaint which was in all respects similar to the original complaint with the exception that the boundary line between the premises was definitely stated to be the center line of the party wall:

MARSH, J.:

A motion having been heretofore granted for a dismissal of the complaint for failure to state facts sufficient to constitute a cause of action, an amended complaint has been served, pursuant to stipulation, and new parties brought in as defendants. The amended complaint is also defective for the same reasons pointed out in the memorandum accompanying the decision on the former motion, and this motion to dismiss the amended complaint is accordingly granted, with ten dollars costs.