(December 30, 2014)

■ 70 PINEHURST AVENUE LLC, Respondent, v RPN MANAGE-MENT CO., INC., Appellant. [2 NYS3d 77]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered June 19, 2014, which granted plaintiff's motion for partial summary judgment, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion for partial summary judgment, and to grant defendant's cross motion to the extent of dismissing the third cause of action, and otherwise affirmed, without costs.

This action stems from the collapse of a retaining wall located on plaintiff's property, which plaintiff alleges is also partially located on defendant's property. Plaintiff's allegations are based on statements in two land surveys from 2001 and 2011, both describing the presence of a retaining wall located at the "west face of wall on [property] line." Both surveys also indicate, however, "the offsets (or dimensions) shown hereon from the structures to the property lines . . . are not intended to guide the erection of fences, retaining walls, pools, and any other construction." Their import is therefore unclear. Moreover, a survey alone, without an accompanying affidavit from the surveyor, does not constitute competent evidence of the location of property lines and fences or retaining walls (*see Thomson v Nayyar*, 90 AD3d 1024, 1026, [2d Dept 2011]). Plaintiff has therefore failed to tender sufficient evidence to demonstrate entitlement to a declaratory judgment on its claim brought pursuant to Administrative Code of City of NY § 28-305.1.1.

Defendant met its prima facie burden as cross movant by submission of the affidavit of a land surveyor who inspected and measured the property subsequent to the collapse of the retaining wall in June 2013, and concluded that no portion of the wall had been upon defendant's property. That plaintiff's two surveys indicate that the wall was "on [the] line" of both properties, is sufficient, however, to raise a question as to the location of the wall relative to the two properties; we have long held that otherwise inadmissible evidence may be considered to *defeat* an application for summary judgment (*see Cohen v Herbal Concepts*, 100 AD2d 175, 182 [1st Dept 1984], *affd* 63 NY2d 379 [1984]). We do not consider the contents of plaintiff's land surveyor's af-

fidavit submitted in surreply as defendant had no opportunity to respond, nor do we consider plaintiff's arguments addressing that affidavit's contents (*see Lumbermens Mut. Cas. Co. v Morse Shoe Co.*, 218 AD2d 624, 626 [1st Dept 1995]; *see also Rhodes v City of New York*, 88 AD3d 614, 615 [1st Dept 2011]). Were we to consider them, our analysis would be unchanged.

In construing the evidence in the light most favorable to plaintiff (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]), we find that the claim of negligence is expressed throughout plaintiff's papers, and there is a question of fact as to whether defendant owed a duty of care to plaintiff, if the retaining wall is found to rest on both parties' premises. The claim of nuisance, based on allegations that defendant's ongoing refusal to participate in the repairs and maintenance of the retaining wall substantially interferes with plaintiff's ability to use and enjoy its property, arises solely from plaintiff's claim of negligence. Where nuisance and negligence elements are "so intertwined as to be practically inseparable," a plaintiff may recover only once for the harm suffered (*Murphy v Both*, 84 AD3d 761, 762-763 [2d Dept 2011], citing *Morello v Brookfield Constr. Co.*, 4 NY2d 83, 91 [1958]; *see also Copart Indus. v Consolidated Edison Co. of N.Y.*, 41 NY2d 564, 569 [1977]). Upon a search of the record, we conclude that the third cause of action, nuisance, should be dismissed as duplicative of the negligence cause of action, although this argument was not previously made or considered (CPLR 3212 [b]; *see Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 110 [1984]). Concur—Tom, J.P., Friedman, Andrias, Feinman and Kapnick, JJ.

---

Motion to strike reply brief granted to the extent of striking references to matters outside the record and the discussion of two survey reports, and otherwise denied.