8 Jane St. LLC v Petrone (2021 NY Slip Op 05279)





8 Jane St. LLC v Petrone


2021 NY Slip Op 05279


Decided on October 05, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 05, 2021

Before: Renwick, J.P., Gische, Kapnick, Kennedy, Shulman, JJ. 


Index No. 653903/13 Appeal No. 14272 Case No. 2021-01005 

[*1]8 Jane Street LLC, Plaintiff-Respondent,
v
Deborah C. Petrone et al., Defendants-Appellants.


Charles Weinstock, New York, for appellants.
Pryor Cashman LLP, New York (M. Mona Simonian of counsel), for respondent.



Order, Supreme Court, New York County (James Edward D'Auguste, J.), entered September 14, 2020, which, insofar as appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on its causes of action for trespass, private nuisance, and a declaration that the property line is at the midpoint of the party wall and dismissing the defense of its culpable conduct, and denied defendants' motion for summary judgment on their counterclaims and dismissing plaintiff's statute of limitations affirmative defense to the counterclaims, unanimously modified, on the law, to deny plaintiff's motion as to the trespass cause of action except for defendant Deborah Petrone's spray-painting of the brick wall facing the rear yard of plaintiff's premises and defendants' (temporary) erection of a fence and as to the declaratory judgment cause of action, to clarify that plaintiff's motion is denied as to the encroaching structures counterclaim, and to grant defendants' motion for summary judgment dismissing the statute of limitations affirmative defense, and otherwise affirmed, without costs.
Plaintiff alleges, inter alia, that defendants trespassed upon and damaged its property, which shares a party wall with their property.
The first counterclaim seeks a declaration that certain structures that plaintiff constructed on the party wall, which allegedly encroach onto defendants' property, must be removed, an injunction ordering the removal of such structures, and damages. The motion court correctly found issues of fact precluding summary judgment in defendants' favor on this counterclaim. The same issues of fact preclude summary judgment dismissing the counterclaim. Defendants submitted an expert report and deposition testimony by a licensed engineer saying that plaintiff's bulkhead prevents defendants from using the party wall (see Varriale v Brooklyn Edison Co., 252 NY 222, 224 [1929] [one contiguous proprietor may not subject a party wall "to a use whereby it ceases to be continuously available for enjoyment by the other"]). However, plaintiff submitted an affidavit by a licensed architect saying that he built the bulkhead in a manner that would allow defendants to use the party wall.
The motion court described defendants' plans to use the wall as speculative and said it was incumbent upon the parties to cooperate in the future. However, this does not warrant the dismissal of the counterclaim. In Varriale (252 NY at 224-226), the Appellate Division dismissed a trespass complaint but added the proviso that the defendant would be required to remove or relocate a sign "if, and when, the same shall constitute an obstacle or interference to any lawful or proper use plaintiff may desire to make of said party wall" (at 224). The Court of Appeals reversed, noting that the plaintiff "has been forced to submit to an encroachment which may subject her to the expense and delay of an injunction if thereafter she decides to build" (at 225).
Plaintiff's [*2]statute of limitations defense to the counterclaims — Real Property Actions and Proceedings Law (RPAPL) § 611(2) — should be dismissed. "The action" to which the statute refers is an action brought under RPAPL article 6, i.e., an action to recover real property. Defendants do not seek to recover real property. The first counterclaim seeks the removal of plaintiff's encroaching structures, which falls under article 8 (see section 871[1]), not article 6.
Issues of fact preclude summary judgment in defendants' favor on their negligence counterclaim. Defendants submitted their deposition testimony, an affidavit by defendant Deborah C. Petrone (Deborah), and an expert report and deposition testimony by a licensed engineer about plaintiff's work on their chimneys and the causal connection between plaintiff's underpinning and cracks in defendants' wall. However, plaintiff submitted an affidavit by a licensed architect to the contrary.
The court correctly denied defendants' motion for summary judgment, on their fourth counterclaim, declaring that the party wall is entirely on their property. In support of the motion, defendants submitted a 1924 survey but did not submit an affidavit by a surveyor (see 70 Pinehurst Ave. LLC v RPN Mgt. Co., Inc., 123 AD3d 621, 621 [1st Dept 2014]).
Plaintiff's motion for summary judgment declaring that the property line is at the midpoint of the party wall should also be denied. Plaintiff submitted an affidavit by a licensed surveyor. However, although defendants failed to meet their burden as movants on their counterclaim, their submissions were sufficient to defeat plaintiff's motion (see id.). In addition to the 1924 survey, defendants submitted other evidence, such as the fact that their townhouse (6 Jane Street) is longer than plaintiff's (8 Jane Street). For the portion where the wall supports 6 Jane Street alone, it must be entirely on that property. Assuming that the party wall was built straight, the portion where the wall supports both 6 and 8 Jane Street would also be on defendants' property. While plaintiff's architect said that there were "jogs to the back of the facades of 4, 6 and 8 Jane" Street, the photographs in the record do not seem to show such a "jog" to the rear of 6 Jane Street. We have recognized in the past that a party wall may stand "wholly upon one lot" (145 W. 10 Realty LLC v Whelan, 107 AD3d 461, 462 [1st Dept 2013] [internal quotation marks omitted]). Thus, the issue of the party wall/property boundary must be tried.
Issues of fact preclude summary judgment in defendants' favor on their counterclaim for trespass. First, defendants contend that even if the property line is at the midpoint of the party wall, plaintiff's bulkhead extends three inches over that line, which is a trespass. However, whether it is a trespass depends on whether defendants can make use of the wall (see Lei Chen Fan v New York SMSA Ltd. Partnership, 94 AD3d 620, 621 [1st Dept 2012]) or whether the bulkhead is for plaintiff's [*3]own purposes only (see American Ry. Express Co. v Lassen Realty Co., 205 App Div 238, 240 [1st Dept 1923]), which — as indicated — is disputed.
Second, although it is undisputed that plaintiff performed work on defendants' chimneys, there is conflicting evidence as to whether defendants consented to the work. If they consented, plaintiff's work would not constitute a trespass (see Marone v Kally, 109 AD3d 880, 882 [2d Dept 2013], lv denied 24 NY3d 911 [2014]).
Defendants claim that plaintiff's installation of a surveillance camera over their property was a trespass. However, the trespass counterclaim does not mention cameras; it only mentions the bulkhead and the chimneys.
Summary judgment in plaintiff's favor on its trespass cause of action was correctly granted as to Deborah's spray-painting of the brick wall facing the rear yard of plaintiff's premises and the fence that defendants erected (temporarily). However, plaintiff's motion should be denied as to the rest of the trespass claim. Of the incidents of which plaintiff complains, the following took place on defendants' property (not plaintiff's) (see Berenger v 261 W. LLC, 93 AD3d 175, 181 [1st Dept 2012]), even if the boundary is the midpoint of the party wall: the spray-painting of the 6 Jane Street side of the coping and bulkhead, the tampering with plaintiff's security camera, the (nondestructive) removal of some siding from the 6 Jane Street side of the bulkhead, the removal of flashing from defendants' chimneys and the 6 Jane Street side of the parapet, and defendants' "tampering" with their own chimneys.
Plaintiff's motion for summary judgment on its private nuisance cause of action was correctly granted, since some of the actions that defendants performed on their own property, although they do not constitute trespass, negatively affected plaintiff's property. Deborah removed some flashing from the parapet and defendants' northern chimneys, and some bricks from their southern chimneys, all of which caused water to infiltrate plaintiff's premises. In addition, defendants' refusal to allow plaintiff to extend their chimney flues — despite having signed a consent letter — resulted in plaintiff's premises being damaged by soot from defendants' chimneys.
The court correctly dismissed the defense of plaintiff's culpable conduct, since that is not a defense to trespass (Ligo v Gerould, 244 AD2d 852, 853 [4th Dept 1997]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 5, 2021