Collazo v Calvert Lancaster Hous. Dev. Fund Co., Inc. (2026 NY Slip Op 00193)

Collazo v Calvert Lancaster Hous. Dev. Fund Co., Inc.

2026 NY Slip Op 00193

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Index No. 154093/22|Appeal No. 5609|Case No. 2025-00145|

[*1]Dilia Collazo, Plaintiff-Respondent,
vCalvert Lancaster Housing Development Fund Company, Inc. et al., Defendants-Appellants, 172 East 122nd St. et al., Defendants.

Rubin Paterniti Gonzalez Rizzo Kaufman, LLP, Garden City (Maria Massucci of counsel), for appellants.
Law Office of Ryan S. Goldstein, PLLC, Bronx (Ryan S. Goldenstein of counsel), for respondent.

Order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about November 19, 2024, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants failed to establish prima facie entitlement to summary judgment, as they failed to demonstrate that the alleged sidewalk defect was not on property that they owned, managed, or maintained. Defendants also did not demonstrate that they did not create the condition that allegedly caused plaintiff to trip and fall. Defendants did not submit any deeds, reports, legal surveys, or surveyors' affidavits showing that the accident site was outside the boundaries of their property (see Cuenca v City of New York, 178 AD3d 602, 602 [1st Dept 2019]; 70 Pinehurst Ave. LLC v RPN Mgt. Co., Inc., 123 AD3d 621, 621 [1st Dept 2014]). The affidavit from the executive director of defendant Hope Community Inc. is insufficient to sustain their burden on the motion. Although the executive director stated that defendants did not own, operate, lease, or maintain the area where plaintiff fell, he did not identify any source that he relied on to reach that conclusion, and the photographs on which he relies are unmarked. His averment that he was "familiar with" defendants' properties is not sufficient, without more, to substantiate his opinion concerning the property boundaries or the ownership of the area where plaintiff fell. The executive director's affidavit also contained no averment that defendants did not create the defect nor did he ever mention the date of the accident.
Because defendants did not sustain their burden on the motion, Supreme Court correctly denied the motion without considering the sufficiency of plaintiff's opposition (see e.g. Martinez v Contreras, 216 AD3d 532, 532 [1st Dept 2023]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026